T.C. Memo. 1998-246

UNITED STATES TAX COURT

ROSS WILLIAM BRUNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23790-90.                              Filed July 6, 1998.

Ross William Bruner, pro se.

<u>Rick V. Hosler</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:   This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]     Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable years in
issue.  All Rule references are to the Tax Court Rules of
                                        (continued...)

Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax for the years as follows:

| Year | Deficiency | Additions to Tax | |
| --- | --- | --- | --- |
| | | Sec. 6651(a)(1) | Sec. 6653(a)(1) |
| 1987 | $1,004 | $251 | --- |
| 1988 | 1,759 | 275 | $88 |

| Year | Additions to Tax | | |
| --- | --- | --- | --- |
| | Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) | Sec. 6654(a) |
| 1987 | $50.20 | * | $48.20 |
| 1988 | --- | --- | 95.00 |

*50% of the interest due on the deficiency.

The issues for decision are: (1) Whether petitioner received and failed to report income during the taxable years in issue; (2) whether petitioner is liable for the section 6651(a)(1) additions to tax for failure to file his 1987 and 1988 returns; (3) whether petitioner is liable for the section 6653(a)(1) additions to tax for negligence; (4) whether petitioner is liable for the section 6654(a) additions to tax for failure to make estimated income tax payments for 1987 and 1988; and (5) whether we should impose sanctions on petitioner pursuant to section 6673(a).

Petitioner resided in Tempe, Arizona, on the date the petition was filed in this case. No stipulations of fact were filed in this case.

---

[1](...continued)
Practice and Procedure.

TATT Companies International d.b.a. Pedus Security Service reported to respondent that it paid petitioner wages in the amounts of $11,541 and $8,482 during 1987 and 1988, respectively. The Department of the Air Force reported to respondent that it paid petitioner a pension annuity in the amount of $8,165 during 1988. Morgan Shareholder Services Trust Company of AMR Corporation (Morgan) reported to respondent that on February 13, 1987, petitioner sold some securities. Morgan reported that petitioner received "stock&bond" income in the amount of $56 as a result of the sale.

Petitioner did not file Federal income tax returns for his 1987 and 1988 taxable years.

Petitioner filed three bankruptcy petitions in the United States Bankruptcy Court for the District of Arizona since filing his petition in this Court. In dismissing his third bankruptcy petition, the presiding judge concluded that petitioner is "a serial filer and that [his] action as a serial filer constitutes an abuse of the bankruptcy system."

The first issue for decision is whether petitioner received and failed to report income during the taxable years in issue.

Section 61(a) includes in gross income all income from whatever source derived including, but not limited to, compensation for services, gains from dealings in property, annuities, and pensions. Sec. 61(a)(1), (3), (9), (11).

Respondent's revenue agent, Shelby Bare, testified that respondent relied upon payer information returns which were received under the Information Returns Program (IRP) in making the determinations contained in the statutory notices of deficiency issued to petitioner in this case. Respondent submitted transcripts from his IRP master file which list the payers which reported payments to petitioner during 1987 and 1988.

At trial, petitioner failed to submit any credible evidence into the record. Cf. sec. 6201(d). He presented no documents and the following is the extent of his testimony:

> The Court: State your name for the record, please.
>
> Petitioner: Ross William Bruner.
>
> The Court: And your current address?
>
> Petitioner: I live at 5 East Cairo, Tempe, Arizona.
>
> The Court: Very well. What did [sic] you have to say now to convince the Court that the contents of the statutory notice of deficiency are in error, Mr. Bruner?
>
> Petitioner: I have never received income, therefore, I stand in silence.

In response to numerous questions by respondent's counsel, petitioner declined to offer any testimony relevant to the determination of his income for 1987 and 1988. His response to each question was "I stand in silence."

Based on the record, we find that petitioner has failed to meet his burden of proving any error in respondent's

determinations.  Rule 142(a).  Accordingly, we hold that petitioner received and failed to report income in the amounts determined by respondent for the taxable years in issue.

The second issue for decision is whether petitioner is liable for the section 6651(a)(1) additions to tax for failure to file his 1987 and 1988 returns.

Section 6651(a)(1) imposes an addition to tax for failure to timely file a return, unless the taxpayer establishes that such failure is due to reasonable cause and not due to willful neglect.  "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time. United States v. Boyle, 469 U.S. 241, 245-246 (1985).  "Willful neglect" means a conscious, intentional failure or reckless indifference.  Id. at 246.  The addition to tax equals 5 percent of the tax required to be shown on the return if the failure to file is for not more than 1 month, with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent. Sec. 6651(a)(1).

Based on the record, we find that petitioner has failed to prove that his failure to file his returns was not due to willful neglect or that such failure was due to reasonable cause.  We therefore hold that petitioner is liable for the section 6651(a)(1) additions to tax.

The third issue for decision is whether petitioner is liable for the section 6653(a)(1) additions to tax for negligence.

We first review the language of section 6653(a)(1) which is applicable to petitioner's 1987 taxable year. With respect to tax returns the due date for which is after December 31, 1986, section 6653(a)(1)(A) provides for an addition to tax equal to 5 percent of the entire underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Furthermore, section 6653(a)(1)(B) provides for an addition to tax equal to 50 percent of the interest payable with respect to the portion of the underpayment which is attributable to negligence or intentional disregard of rules or regulations.

We next review the language of section 6653(a)(1) which is applicable to petitioner's 1988 taxable year. With respect to returns the due date for which is after December 31, 1988, section 6653(a)(1) provides that if any part of any underpayment required to be shown on a return is due to negligence or disregard of rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment.

We have defined negligence under section 6653 as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner bears the burden of proving that no part of the underpayments for the years

in issue is due to negligence or intentional disregard of rules or regulations. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982).

Based on the record, we find that petitioner's entire underpayments for 1987 and 1988 are due to negligence and his intentional disregard of the rules or regulations which require him to report his income. Accordingly, we hold that petitioner is liable for the section 6653(a)(1)(A) and (B) additions to tax for 1987 and the section 6653(a)(1) addition to tax for 1988.

The fourth issue for decision is whether petitioner is liable for the section 6654(a) additions to tax for failure to make estimated income tax payments for 1987 and 1988.

Unless the taxpayer demonstrates that one of the statutory exceptions applies, imposition of the section 6654(a) addition to tax is mandatory where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the taxable year, do not equal the percentage of total liability required under the statute. Sec. 6654(a); Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). Petitioner bears the burden of proving his entitlement to any exception. Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320 (1982).

The reporting payers withheld taxes from petitioner's income sources in the amounts of $189 and $659 for 1987 and 1988, respectively. Petitioner did not make any estimated tax payments

for 1987 or 1988, nor has he shown that any of the statutory exceptions are applicable in this case. We therefore hold that petitioner is liable for the section 6654(a) additions to tax for 1987 and 1988.

The fifth issue for decision is whether we should impose a penalty on petitioner pursuant to section 6673(a).

Whenever it appears to this Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or the taxpayer's position in such proceeding is frivolous or groundless, the Court, in its discretion, may require the taxpayer to pay to the United States a penalty not in excess of $25,000. Sec. 6673(a)(1)(A) and (B). A position maintained by a taxpayer in the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). A penalty is properly imposed when the taxpayer knew or should have known that his claim or argument was frivolous. Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987).

The amended petition filed in this case alleges that respondent erred in the statutory notices of deficiency "in holding that or proceeding as if the Petitioner is a person made liable to the income tax imposed by the Code."

The other allegations of fact listed in petitioner's amended petition and the arguments contained in his trial memorandum

convince us that petitioner is using this Court as a stage for presenting his misguided interpretation of the United States Constitution and the Federal income tax laws.

Petitioner has caused this Court to waste its limited resources on stale taxpayer protests which he knew or should have known are without merit.

In view of the foregoing, we will exercise our discretion under section 6673(a) and require petitioner to pay a penalty to the United States in the amount of $1,000.

To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered for respondent</u>.