T.C. Memo. 1998-360

UNITED STATES TAX COURT

POLLY M. CHERRY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25995-96.          Filed October 5, 1998.

Polly M. Cherry, pro se.

Robert S. Bloink, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, Judge:  Respondent determined deficiencies in, additions to, and penalties on petitioner's Federal income taxes as follows:

| Year | Deficiency | Additions to Tax and Penalties | | |
| | | Sec. 6651(a)(1) | Sec. 6654 | Sec. 6662(a) |
|------|-----------|-----------------|-----------|--------------|
| 1993 | $9,791 | $1,373 | $275 | $1,958 |
| 1994 | 6,876 | --- | 175 | 1,375 |

Unless otherwise indicated all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues we must decide in the instant case are whether petitioner is: (1) Entitled to business expenses in the amount of $19,412 for 1993 and business expenses in the amount of $18,519 for 1994; (2) liable for tax on unreported income for the years in issue; (3) entitled to personal exemptions for Jasmine S. Wilson and Brandy N. Wilson (Jasmine and Brandy Wilson) as dependents for the years in issue; (4) entitled to file her returns for the years in issue using head of household rates; (5) liable for self-employment tax pursuant to section 1401 for each of the years in issue; (6) liable for the addition to tax under section 6651(a) for failure to timely file her 1993 return; and (7) liable for the accuracy-related penalty provided by section 6662(a) for each of the years in issue.

## FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated for trial pursuant to Rule 91. The parties' stipulations of fact are incorporated by reference and are found as facts in the instant case.

At the time she filed her petition, petitioner resided in Albany, Georgia.

For each of the years in issue, petitioner was a full-time teacher. In addition to teaching, petitioner operated a store, P&S Fashions (P&S Fashions), from a room attached to the rear of her house. Petitioner also was involved in Eagle Marketing Inc. (Eagle), a network market venture. Petitioner's responsibilities for Eagle included traveling and recruiting others to become Eagle representatives. For both 1993 and 1994, petitioner combined her income from P&S Fashions and from Eagle and reported it on a single Schedule C.

On July 7, 1994, the Flint River overflowed, flooding parts of Albany, Georgia. The flood destroyed all of petitioner's records for 1993 for both P&S Fashions and Eagle. Petitioner, however, did retain some expense sheets for 1994, which cover 11 months of that year and detail mileage driven and amounts spent on food and lodging during trips taken on behalf of Eagle.

During the years in issue, petitioner provided support for Jasmine and Brandy Wilson, who lived with her. Jasmine and Brandy Wilson attended Martin Luther King, Jr. Elementary School which required emergency contact cards. The cards listed petitioner as guardian for Jasmine and Brandy Wilson and petitioner's address was listed as their home. The cards were stored at the school. The Flint River flood, however, destroyed many of the records of the school. Although petitioner found the original emergency contact cards at the school, she concluded that they were not fit for introduction to the Court. Petitioner

hand-copied the information from the original cards onto blank cards that she subsequently presented to the Court as evidence that the children lived with her during 1993 and 1994.

Petitioner reported her income for 1993 on a Form 1040. Respondent received that return on July 20, 1994, almost 3 months after it was due.  On the Schedule C attached to her 1993 return, petitioner reported business income in the amount of $1,856.22 and claimed Schedule C deductions in the amount of $23,411.65. Petitioner reported her income for 1994 on a timely filed Form 1040.  On the Schedule C attached to her 1994 return, petitioner reported business income in the amount of $4,509 and claimed Schedule C expenses in the amount of $22,518.  Petitioner completed Form 4822, Statement of Annual Estimated Personal and Family Expenses (Form 4822), on which she listed total estimated personal and family expenses for 1993 in the amount of $43,729.56 and total estimated personal and family expenses for 1994 in the amount of $40,066.92.

Pam Ranew, a tax auditor with the Albany office of the Internal Revenue Service, audited petitioner's 1993 and 1994 income tax returns.  During the course of the audit, Ms. Ranew reconstructed petitioner's income and expenses for both 1993 and 1994 by adding (1) petitioner's salary from teaching, (2) her stated Schedule C income, and (3) her Federal and State tax refunds.  To reconstruct petitioner's expenses, Ms. Ranew added (1) petitioner's Schedule C purchases and expenses, (2) expenses

petitioner recorded on Form 4822, and (3) her State tax, FIT, and FICA withheld from petitioner's salary and subtracted the amounts petitioner claimed as Schedule C deductions for depreciation and mileage. According to Ms. Ranew's calculations, petitioner's expenses exceeded her income by $22,696 in 1993 and $14,021 in 1994.

During the audit, petitioner explained to Ms. Ranew that the reason she was able to fund expenses in excess of her total income from all sources was that she had received loans in 1993 and in 1994 from her sister, Mrs. Berry, and from a family friend Mr. Lewis Peavy (Mr. Peavy). Ms. Ranew contacted both Mrs. Berry and Mr. Peavy, but neither of them provided Ms. Ranew with any further details as to the amount or dates of those loans and neither of them testified at trial.

Subsequently, respondent issued a notice of deficiency determining deficiencies in petitioner's Federal income taxes in the amounts of $9,791 for 1993 and $6,876 for 1994. Excepting a $4,000 deduction for business mileage, respondent disallowed all of petitioner's claimed business expenses for 1993. Respondent conceded by stipulation that, for the 1993 taxable year, petitioner was entitled to additional deductions in the amounts of $1,089 for Eagle office rent and $111.37 for sales tax paid. Similarly, respondent disallowed all of petitioner's claimed business expenses for 1994 with the exception of a $4,000 deduction for business mileage. Respondent conceded by

stipulation that for the 1994 taxable year petitioner was entitled to an additional deduction of $1,089 for Eagle office rent.

In the notice of deficiency, respondent determined that petitioner had Schedule C income in the amount of $24,552 for 1993, which, at trial, respondent conceded would be adjusted downward so as not to include any disallowed Schedule C expenses. Similarly, respondent determined that petitioner had Schedule C income in 1994 in the amount of $18,530, which, at trial, respondent conceded would be adjusted downward so as not to include any disallowed Schedule C expenses. Additionally, respondent conceded at trial that petitioner received $2,200 in signatory loans during 1993 and 1994.

Respondent also determined that Jasmine and Brandy Wilson were not the dependents of petitioner during 1993 and 1994 and, accordingly, denied petitioner's claims to personal exemptions for them. Additionally, respondent determined that petitioner was not entitled to file her returns for the years in issue using head of household rates.

Respondent also determined a deficiency in petitioner's self-employment taxes for 1993 in the amount of $2,997, and accorded her a corresponding income tax deduction in the amount of $1,498. For 1994, respondent determined a deficiency in petitioner's self-employment taxes in the amount of $1,776, and

accorded her a corresponding income tax deduction in the amount of $888.

Respondent further determined that petitioner was liable for additions to tax and penalties arising from her 1993 and 1994 returns. For 1993, respondent determined that petitioner owed $1,373 pursuant to section 6651(a)(1) for failure to file a timely return, and $1,958 pursuant to section 6662(a) as an accuracy-related penalty. For 1994, respondent determined that petitioner owed $1,375 pursuant to section 6662(a) as an accuracy-related penalty.[1]

OPINION

## Disallowed Deductions

### Mileage

The largest deductions claimed by petitioner on her Schedule C's for the years in issue were $13,160 for mileage driven in 1993 and $13,050 for mileage driven in 1994. Respondent determined that petitioner failed to substantiate her mileage deductions as required by section 274(d) and, therefore, limited the deduction to $4,000 for mileage for each of the years in issue. Subject to respondent's concessions, we sustain respondent's determination for 1993 in toto. For 1994, we sustain respondent's determination only in part.

---

[1]    In addition, respondent determined that petitioner owed, pursuant to sec. 6654, $275 in 1993 and $175 in 1994 for failure to pay estimated taxes. Because petitioner filed income tax returns for both years this Court has no jurisdiction and does not consider these additions to tax. See sec. 6665(b)(2).

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to the deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).[2] Taxpayers must also substantiate the amount and purpose of the item claimed. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liability. See sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs. Under certain circumstances, however, if a taxpayer establishes the entitlement to a deduction but does not establish the amount of the deduction, the Court may estimate the amount allowable, Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), if the taxpayer provides some rational basis on which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

For deductions arising from business travel, meals, entertainment, and use of listed property defined in section

---

[2] This case was decided without considering the changes in burden of proof arising out of the Internal Revenue Service Restructuring & Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3001, 112 Stat. 685, 726-727, because those changes apply only "to court proceedings arising in connection with examinations commencing after the date of the enactment of this Act." RRA of 1998 was enacted on July 22, 1998.

280F(d)(4),[3] however, section 274(d) requires taxpayers to substantiate:

> by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item * * *

Section 274(d) is an exception to the Cohan rule and prohibits the estimation of such expenses. Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6 1985).

For deductions involving the use of listed property, the Commissioner is authorized to establish mileage allowances that are deemed to satisfy the substantiation requirements as to amount. Sec. 1.274(d)-1, Income Tax Regs. The specific mileage allowance for 1993 was 28 cents a mile. Rev. Proc. 92-104, 1992-2 C.B. 583, 584. The specific mileage allowance for 1994 was 29 cents a mile. Rev. Proc. 93-51, 1993-2 C.B. 593, 594. Time and place of the mileage expense can be substantiated by a "contemporaneous log of business mileage or by otherwise establishing a taxpayer's business travel." Smith v. Commissioner, 80 T.C. 1165, 1173 (1983). Business purpose may be

---

[3]     Sec. 280F(d)(4) defines listed property to include passenger automobiles.

ascertained from surrounding facts and circumstances.  Id.; sec. 1.274-5(c)(2)(ii)(B), Income Tax Regs.

In the instant case, petitioner did not produce any records for travel taken during 1993.  Rather, petitioner testified that all of her records for 1993 were destroyed in the Flint River flood on July 7, 1994.  Section 1.274-5T(c)(5), Temporary Income Tax Regs., provides a limited exception to the heightened substantiation requirement under section 274(d):

> Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures or use.

Taxpayers whose records are lost due to casualty must reasonably reconstruct them to gain the benefits of the deduction.  Gizzi v. Commissioner, 65 T.C. 342, 345-346 (1975). In the instant case, although petitioner has shown that her records were lost in the Flint River flood, she made no attempt to reconstruct those records for 1993.  Consequently, the record contains no basis on which the Court can allow a deduction for 1993 beyond the amounts respondent has allowed.

As to 1994, petitioner has submitted 11 months of expense sheets detailing dates, destinations, mileage driven, and, in most cases, the purpose of the trip by petitioner during such period.  We conclude that the expense sheets, together with petitioner's testimony at trial, sufficiently substantiate

16,125.69 miles traveled in petitioner's vehicles for Eagle during 1994.  Petitioner offered no additional evidence to substantiate the remaining 28,874.31 miles that she claimed in computing her deduction.  Consequently, we hold that petitioner is entitled to a further deduction for 1994 only to the extent that a mileage deduction computed on the basis of 16,125.69 miles exceeds the amount already allowed by respondent as a deduction for business mileage.

Meals and Travel

On the Schedule C attached to her 1993 return, petitioner claimed $1,380 as a deduction for travel, meals, and entertainment.  Respondent denied those deductions for lack of substantiation under section 274(d).  As with her claimed mileage for 1993, petitioner claims that all of her 1993 records were destroyed by the Flint River flood.  Although the destruction caused by the flood excuses petitioner from certain of the rigorous requirements of section 274(d), petitioner failed to make a reasonable reconstruction of those records pursuant to section 1.274-5T(c)(5), Temporary Income Tax Regs, supra.  Consequently, we cannot allow her a deduction for those expenses.

On the Schedule C attached to her 1994 return, petitioner claimed $803 as a deduction for travel, meals, and entertainment.  Section 1.274-5T(c)(2)(iii), Temporary Income Tax Regs., 50 Fed. Reg. 46019 (Nov. 6, 1985), provides:

> (iii)  Documentary evidence.  Documentary evidence, such as receipts, paid bills, or similar evidence

sufficient to support an expenditure shall be required for--

      (A) Any expenditure for lodging while traveling away from home, and

      (B) Any other expenditure of $25 or more, except, for transportation charges, documentary evidence will not be required if not readily available.

Petitioner introduced no documentary evidence to substantiate any of these claimed deductions. Although the expense sheets submitted for 1994 include records of some meals which cost petitioner less than $25, petitioner failed to introduce any evidence reflecting the meals for which petitioner claimed a deduction. Accordingly, we sustain respondent on such deductions. Sec. 274(d); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6 1985).

Remaining Deductions

Petitioner also claimed deductions for other business related expenses in the amount of $8,871.65 for 1993 and $7,600.36 for 1994. Respondent denied such deductions because petitioner failed to substantiate them. By stipulation, respondent conceded that petitioner was entitled to deduct $1,200.37 in 1993 for Eagle office rent and sales tax paid and $1,089 in 1994 for Eagle office rent.

Because the remaining expenses are for items not covered by section 274, we are permitted to estimate them if we are convinced from the record that the taxpayer has incurred such expenses. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).

For the Court to make such estimation "there [must] be sufficient evidence to satisfy the trier that at least the amount allowed in the estimate was in fact * * * incurred, for the stated purpose". Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. at 742-743.

Petitioner produced only a few isolated receipts to substantiate her remaining deductions and called no witnesses to support her claim to those deductions. Petitioner herself did not testify with regard to those expenses. Accordingly, there is no reasonable basis for the Court to estimate the amount of expenses incurred. Vanicek v. Commissioner, supra at 742-743. Consequently, we deny those additional deductions.

Unreported Income

In determining the amount of the deficiencies for 1993 and 1994, respondent reconstructed petitioner's income using the source and application of funds method, or cash method.[4]

If a taxpayer's books and records are inadequate for the purpose of ascertaining the taxpayer's income, the Commissioner is authorized to reconstruct the taxpayer's income by whatever method will clearly reflect income. Sec. 446; Petzoldt v. Commissioner, 92 T.C. 661, 686-687 (1989). The cash method is designed to reconstruct the income of a taxpayer who consumes his income during the year and does not invest it. Id. at 694. It

---

[4] This method has been referred to by both names. See DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).

is based on the assumption that the amount by which a taxpayer's expenditures during a taxable year exceed his reported income has taxable origins unless the taxpayer can show that the expenditures were made from nontaxable sources. DeVenney v. Commissioner, 85 T.C. 927, 930-931 (1985). A proposed deficiency based on the use of the source and application of funds method is presumed correct, and the taxpayer bears the burden of showing that the reconstruction of income through such method does not accurately reflect income. Price v. United States, 335 F.2d 671, 677-678 (5th Cir. 1964). To meet his burden, the taxpayer must prove either that someone else made the expenditures or that the funds used were obtained from nontaxable sources such as loans, inheritances, or assets on hand at the beginning of the taxable period. DeVenney v. Commissioner, supra at 931

In Holland v. Commissioner, 348 U.S. 121 (1954), the Supreme Court limited the Commissioner's use of the net worth method of restructuring income by requiring the Commissioner to track down relevant leads furnished by the taxpayer which are reasonably susceptible of being checked and by requiring the Commissioner to show that increases in net worth are attributable to currently taxable income. In DeVenney v. Commissioner, 85 T.C. at 931, we held that such limitations were applicable to cases involving the cash method. In Meier v. Commissioner, 91 T.C. 273, 296 (1988), however, we stated that "Before the safeguards in Holland are triggered, the [taxpayer] must either explain the source of or

provide alternative nontaxable sources for the discrepancy in his expenditures and his reported income. This explanation commences respondent's investigative requirements under Holland."

By comparing petitioner's known income with her stated and known expenditures, respondent determined that petitioner had $22,696 of unreported income for 1993 and $14,021 of unreported income for 1994. At trial, respondent conceded that a proper reconstruction of petitioner's income would not include any deductions claimed by petitioner but disallowed by respondent.

Petitioner testified that the reason her expenditures exceeded her stated earnings was because of loans she received. At trial, respondent conceded that petitioner received $2,200 in signatory loans. Petitioner argues that the balance of the loans were personal loans received from her sister, Mrs. Berry and from a friend Mr. Peavy. Ms. Ranew contacted both Mrs. Berry and Mr. Peavy, neither of whom provided Ms. Ranew with any further details as to the amount or dates of the loans. Respondent argues that petitioner's two businesses, P&G Fashions and Eagle, were the sources of taxable income.

We conclude that respondent has fulfilled the requirement of Holland v. Commissioner, supra. Respondent contacted Mrs. Berry and Mr. Peavy thereby satisfying the requirement that leads to sources of nontaxable income supplied by the taxpayer be tracked down. By pointing to P&S Fashions and petitioner's Eagle

activities, respondent has pointed to likely sources of taxable income.

At trial, petitioner neither provided documentary evidence of the loans from Mrs. Berry or Mr. Peavy nor called them to testify regarding those loans. Accordingly, petitioner has failed to prove that the funds used to pay the excess of expenses over known income are from a nontaxable source. Consequently, respondent's position regarding petitioner's unreported income is sustained.

Dependent Exemptions

Petitioner claimed a personal exemptions on behalf of Jasmine and Brandy Wilson as dependents on both her 1993 and her 1994 returns. Respondent denied the exemptions. Section 151 allows a taxpayer to claim an exemption for each dependent. Section 152 defines a dependent as:

> any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer):

> \* \* \* \* \* \* \*

> (9) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to sec. 7703, of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household.

A taxpayer claiming an exception for a dependent bears the burden of showing that the support he provided to the dependent constituted more than one-half of the total support of the

claimed dependent.  Cobb v. Commissioner, 28 T.C. 595, 597 (1957).  To fulfill that burden, the taxpayer must establish not only what he contributed toward the dependent's support, but also must show, in some way, that the support given by the taxpayer exceeded one-half of the dependent's total support.  Vance v. Commissioner, 36 T.C. 547, 549 (1961).  If the taxpayer fails to introduce any evidence regarding the total amount of the support received by the dependent for the taxable year, the Court cannot conclude that the taxpayer has contributed more than one-half of the dependent's total support.  Stafford v. Commissioner, 46 T.C. 515, 518 (1966).

Petitioner produced no evidence to show how much support she provided for Jasmine and Brandy Wilson.  Petitioner also failed to produce any evidence as to their total support.  Accordingly, petitioner has not carried her burden of proof.  Consequently, respondent's position regarding the dependency exemptions is sustained.

Head of Household Filing

Respondent denied petitioner head of household filing status for 1993 and 1994.  The relevant portions of section 2(b) provide:

(b)  Definition of Head of Household

(1) In general.--For purposes of this subtitle, an individual shall be considered a head of a household if and only if, such individual is not married at the close of his taxable year * * *, and either--

- 18 -

    (A) maintains as his home a household which
    constitutes for more than one-half of such taxable year
    the principal place of abode, as a member of such
    household,
    of--

    *     *     *     *     *     *     *

        (ii) any other person who is a dependent of
        the taxpayer, if the taxpayer is entitled to a
        deduction for the taxable year for such person
        under section 151 * * *

Because we have found that petitioner has failed to prove that Jasmine and Brandy Wilson were the dependents of petitioner during the years in issue we find that petitioner is not entitled to file as a head of household for those years.

## Petitioner's Liability for Self-Employment Tax

Section 1401 provides that a tax shall be imposed on the self-employment income of every individual. Petitioner has the burden of proving that she is not liable for self-employment taxes. Rule 142(a). Petitioner has failed to offer any evidence or make any arguments that she is not liable for self-employment taxes. Consequently, we hold that petitioner is liable for self-employment taxes.

## Petitioner's Failure To File Timely Her 1993 Return

Respondent determined that petitioner was liable for the addition to tax provided by section 6651(a) for 1993. Where a taxpayer fails to file an income tax return on the date prescribed for filing, section 6651(a)(1) imposes an addition to tax equal to 5 percent of the amount required to be shown on the return, with an additional 5 percent to be added for each

additional month or partial month during which the failure continues, not exceeding 25 percent in the aggregate. The addition to tax does not apply where the taxpayer demonstrates that the failure to file timely was due to reasonable cause and not willful neglect. Sec. 6651(a)(1). The question whether a failure to file timely is due to reasonable cause and not willful neglect is one of fact, on which petitioner bears the burden of proof. Rule 142(a); Lee v. Commissioner, 227 F.2d 181, 184 (5th Cir. 1955), affg. a Memorandum Opinion of this Court.

Petitioner has produced no evidence explaining the late filing of her 1993 return. Accordingly, we hold that petitioner is liable for the section 6651 addition to tax.

Accuracy-Related Penalty

Respondent determined that petitioner is liable for an accuracy-related penalty pursuant to section 6662. Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment of tax that is attributable to, inter alia, negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, including failure to exercise due care, failure to do what a reasonable person would do under the circumstances, or failure to keep adequate books and records to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. The term "disregard" includes any careless, reckless or intentional disregard of the Code or of the temporary

and final regulations issued pursuant to the Code.  Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

The accuracy-related penalty does not apply to any portion of an underpayment with respect to which it is shown that there was a reasonable cause and that the taxpayer acted in good faith. Sec. 6664(c)(1).  The decision as to whether the taxpayer acted with reasonable cause and in good faith depends on all pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's efforts to assess the proper tax liability.  Id.  Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer.  Id. Petitioner bears the burden of proof.  Rule 142(a); ASAT Inc. v. Commissioner, 108 T.C. 147, 175 (1997).

As to the disallowed deductions for 1993 and 1994, petitioner failed to prove that her lack of substantiation was in good faith or due to reasonable cause.  Similarly, petitioner failed to show that she acted in good faith and due to reasonable cause in underreporting her income for both years in issue. Therefore, we hold that an accuracy-related penalty attributable to such amounts is appropriate.

However, we hold that the accuracy-related penalty does not apply to the portion of the underpayment attributable to petitioner's claimed exemption on behalf of Jasmine and Brandy

Wilson.  Petitioner testified to her support of the children and went to great lengths to show that they, in fact, lived with her during 1993 and 1994.  Although petitioner failed to satisfy her burden of proof as to how much support she provided the children in relation to their total support they received, given that she has no technical training in the tax law we think her failure was due to an honest misunderstanding of the law.  Consequently, to the extent the understatement of tax was based on such claimed exemptions, we hold that petitioner is not liable for the accuracy-related penalty pursuant to sec. 6662(a).

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.