T.C. Memo. 2001-138

UNITED STATES TAX COURT

KENNETH J. SIGEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1851-00.                    Filed June 12, 2001.

Kenneth J. Sigel, pro se.

<u>Frederick Petrino</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This case is before us on respondent's motion to dismiss.  The issue presented is whether we lack jurisdiction over petitioner's claims that an addition to tax under section 6654(a) should be waived and that assessed interest should be abated under section 6404.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

## Background

As a result of an error by petitioner in the computation of his estimated income tax due January 15, 1999, petitioner underpaid estimated income tax for the last quarter of 1998 by approximately $11,000. Upon recognizing the error, on February 14, 1999, petitioner filed early his individual Federal income tax return for 1998, and petitioner paid the above $11,000, plus additional taxes owed.

On September 20, 1999, respondent indicated by letter to petitioner that petitioner owed $594 as an addition to tax under section 6654(a) relating to petitioner's $11,000 underpayment of estimated income tax for the last quarter of 1998 and that petitioner owed $5 of interest with respect thereto.

On October 29, 1999, by letter to respondent's Office of the Taxpayer Advocate in Memphis, Tennessee, petitioner requested that, based on his unblemished record in years before 1998 of full compliance with Federal tax laws, the $594 addition to tax be waived and that the $5 of interest be abated.

On December 9, 1999, respondent mailed a letter to petitioner explaining generally how additions to tax for underpayment of estimated income taxes are computed.

On January 10, 2000, by letter to respondent's Office of the Taxpayer Advocate in Nashville, Tennessee, petitioner again requested waiver of the $594 addition to tax and abatement of the $5 of interest.

By letter dated January 25, 2000, respondent's Nashville Office of the Taxpayer Advocate informed petitioner that his requests for waiver of the addition to tax and for abatement of the interest were denied because it was concluded that petitioner's $11,000 underpayment of estimated income tax for the last quarter of 1998 was not caused by casualty, disaster, or other unusual circumstances and because it was concluded that imposition of the addition to tax would not be against equity and good conscience. The letter from respondent also informed petitioner that he possessed certain "appeal rights", but the letter did not explain those appeal rights.

On February 15, 2000, petitioner filed his petition with the Tax Court seeking relief from the above addition to tax and abatement of the above interest. At the time the petition was filed, petitioner resided in the Bronx, New York.

As of November 30, 2000, the date of trial, petitioner had not filed a Form 843, Claim for Refund and Request for Abatement of Interest, and respondent had not issued to petitioner a notice of final determination with regard thereto.

## Discussion

Section 6654(a) provides additions to tax for taxpayers who fail to pay a sufficient amount of estimated income taxes. See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980); Hart v. Commissioner, T.C. Memo. 2000-78. Respondent has the authority to waive a section 6654(a) addition to tax where respondent determines that by reason of a "casualty, disaster, or other unusual circumstances the imposition of such addition to tax would be against equity and good conscience." Sec. 6654(e)(3)(A).

Generally, the Tax Court has jurisdiction to redetermine additions to tax attributable to a deficiency under the deficiency procedures of section 6213(a). See Reese v. Commissioner, T.C. Memo. 1997-346. Because such additions to tax generally are assessed and collected in the same manner as income taxes, respondent generally issues a notice of deficiency before collecting those additions to tax. See secs. 6665(a) and (b), 6213(a). Taxpayers may then petition the Tax Court (within 90 days of receiving the notice of deficiency) to redetermine the additions to tax determined by respondent. See sec. 6213(a).

Additions to tax under section 6654(a), however, are subject to the deficiency procedures of section 6213(a) only if no Federal income tax return was filed for the year before the Court, and the Tax Court therefore has jurisdiction to redetermine additions to tax under section 6654(a) only if no Federal income tax return was filed. See sec. 6665(b)(2);

Meyer v. Commissioner, 97 T.C. 555, 562 (1991); Hart v. Commissioner, T.C. Memo. 2000-78; Miner v. Commissioner, T.C. Memo. 1999-358; Harvey v. Commissioner, T.C. Memo. 1999-229; Fujita v. Commissioner, T.C. Memo. 1999-164, affd. without published opinion 225 F.3d 662 (9th Cir. 2000); Cherry v. Commissioner, T.C. Memo. 1998-360; Reese v. Commissioner, supra. In other words, if a Federal income tax return is filed for the year before the Court, a proposed section 6654(a) addition to tax will not be subject to the deficiency procedures of section 6213(a), no notice of deficiency will be mailed to the taxpayer, and the Tax Court will not have jurisdiction to redetermine the addition to tax under section 6654(a) relating to the underpayment of estimated income tax. See sec. 6665(b)(2).

As stated, petitioner timely filed his 1998 Federal income tax return. Accordingly, we lack jurisdiction under section 6665(b)(2) to redetermine the $594 addition to tax relating to petitioner's underpayment of estimated income tax for the last quarter of 1998.

With regard to petitioner's claim that we abate the $5 of interest, the Tax Court under section 6404(i)(1) does not have jurisdiction to decide whether respondent's failure to abate interest under section 6404 constitutes an abuse of discretion unless or until respondent has made a "final determination" not to abate interest. See Bourekis v. Commissioner, 110 T.C. 20, 25-26 (1998) (declining to treat a notice of deficiency as notice of final determination not to abate interest); Dai Ho Cho v.

<u>Commissioner</u>, T.C. Memo. 1998-363 (declining to treat respondent's 6-month delay responding to a formal request for abatement of interest as final determination not to abate interest).

In order for respondent to make a final determination regarding a request for abatement of interest, section 301.6404-1, Proced. & Admin. Regs., directs that taxpayers first file with respondent's appropriate office a formal request for abatement, Form 843.  See also <u>Bourekis v. Commissioner</u>, <u>supra</u> at 26.

As of November 30, 2000, petitioner had not filed a Form 843, and respondent had not made a final determination with regard to petitioner's request for abatement of the $5 of interest.  Accordingly, we lack jurisdiction thereof.

While we empathize with petitioner's situation in light of the unclear letters petitioner received from respondent,[1] we simply do not have jurisdiction to grant petitioner relief from either the addition to tax or the related interest.

---

[1]  In respondent's September 20, 1999, December 9, 1999, and January 25, 2000, letters to petitioner, respondent did not inform petitioner that before respondent could make a final determination with regard to the abatement of the $5 of interest petitioner must submit a Form 843, Claim for Refund and Request for Abatement of Interest.

To reflect the foregoing,

An order will be entered granting respondent's motion to dismiss for lack of jurisdiction.