T.C. Summary Opinion 2011-23

UNITED STATES TAX COURT

ABDUL MED BANGURA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28777-09S.                    Filed March 8, 2011.

Abdul Med Bangura, pro se.

R. Jeffrey Knight, for respondent.

JACOBS, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.

Respondent determined a deficiency of $33,626 in petitioner's Federal income tax, an addition to tax under section 6651(a)(1) of $3,431.60, and an accuracy-related penalty under section 6662(a) of $6,725.60, for 2007. After concessions, the issues remaining for decision are: (1) Whether petitioner is entitled to deduct certain business expenses as reported on Schedule C, Profit or Loss From Business; (2) whether petitioner underreported Schedule C gross receipts by $73,036; (3) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1); and (4) whether petitioner is liable for the section 6662(a) accuracy-related penalty.

All section references are to the Internal Revenue Code in effect for 2007, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Maryland when the petition was filed.

Petitioner received a master's degree in accounting and taxation from Southeastern University in Washington, D.C., and is a certified public accountant (C.P.A.). In 2007 he was licensed in Maryland. During 2007 petitioner was the owner and sole proprietor of AMB CPA Services, which provided tax preparation

services for 75 to 100 clients.  Petitioner is currently pursuing a law degree.

Petitioner filed his 2007 Form 1040, U.S. Individual Income Tax Return, on June 13, 2008, almost 2 months after it was due, computing his tax using a filing status of "Married filing separately".[1]  He did not file Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, and the record does not indicate that he otherwise requested an extension of time to file his 2007 income tax return.  On his 2007 income tax return petitioner reported net business income of $4,885, the difference between the reported Schedule C gross receipts of $28,500 and the claimed Schedule C business expenses of $23,615.  The claimed business expenses consisted of $6,800 for business supplies, $2,750 for "other expenses", and $14,065 for car and truck expenses.

On Schedule A, Itemized Deductions, petitioner deducted $37,984, consisting of $5,142 for State and local taxes paid and $32,842 for mortgage interest paid.  In the notice of deficiency, respondent disallowed the claimed Schedule A deductions on the

---

[1]Petitioner's wife timely filed a Form 1040 for 2007.  The return, which petitioner prepared, applied head of household filing status, and zero taxable income was reported thereon.  On the return petitioner's wife claimed entitlement to an earned income credit of $1,465 and a child tax credit of $2,000.

basis of petitioner's failure to substantiate that he incurred and/or paid such expenditures.[2]

Respondent, acting through Revenue Agent James C. Brown (the examining agent), began an examination of petitioner's 2007 income tax return in June 2008, as a compliance check, at the conclusion of the audit of petitioner's 2004, 2005, and 2006 income tax returns. In doing so, the examining agent noticed that the relatively small amount of income petitioner reported on his 2007 income tax return "did not support the itemized deductions and the Schedule C expenses as stated on the tax return."

On June 19, 2008, after completing a financial status analysis for 2007, the examining agent notified petitioner that his 2007 income tax return was under examination. The examining agent set up an initial appointment to discuss petitioner's 2007 tax return and sent an Information Document Request (IDR) to him. The IDR requested that petitioner provide books and records for his tax return preparation business, including documents to substantiate his claimed business expenses. The examining agent wanted to discuss the IDR with petitioner at a manager's conference (which petitioner requested) relating to the closing of the audit of his 2004, 2005, and 2006 tax returns.

_____

[2]Respondent concedes that petitioner is entitled to a deduction of $4,956 for real estate taxes paid and a mortgage interest deduction of $46,245, for a total of $51,201.

The manager's conference was scheduled for July 15, 2008, but at petitioner's request it was rescheduled to July 18. That manager's conference was canceled by petitioner. After petitioner canceled the manager's conference, the examining agent closed the audit of petitioner's 2004, 2005, and 2006 tax returns, leaving open for examination the 2007 tax year.

In connection with the audit of his 2004, 2005, and 2006 tax returns, petitioner told the examining agent that he was not required to provide the Internal Revenue Service with any records or documentation other than those which had been submitted with his income tax returns. Indeed, petitioner never provided the examining agent with documents of any kind with respect to years 2004, 2005, and 2006 during the audit for those years. Nor did petitioner respond to the IDR for 2007.

On September 2, 2008, the examining agent (1) mailed petitioner a second IDR for 2007, and (2) issued bank summonses to obtain information with respect to two bank accounts known to be held by petitioner. Petitioner filed a motion in Federal court (the record does not reveal which Federal court) to quash the summonses. That motion was denied. Thereafter the bank complied with respondent's summonses. The information the bank provided was insufficient to show that petitioner received any material amount of income during 2007. Of the two accounts

summoned, one showed that it had been closed and the other showed deposits of approximately $1,000.

Inasmuch as petitioner did not respond to the second IDR and because the bank records were not "illuminating", in December 2008 the examining agent mailed a third IDR for 2007 to petitioner.  Petitioner did not provide any information or documentation in response to this IDR.

The examining agent then used the source and application of funds method to reconstruct petitioner's income for 2007, applying the guidelines set forth in the Internal Revenue Manual (IRM).  The examining agent used this method to determine petitioner's income indirectly because the Schedule C business expenses and claimed Schedule A itemized deductions exceeded the income reported on petitioner's 2007 income tax return.

The source and application of funds method reconstructs the estimated amount of the taxpayer's income by determining the excess of the taxpayer's expenditures for the year over his known sources of income.  The examining agent calculated petitioner's expenditures to be $101,536 by adding (1) petitioner's Schedule A deductions of mortgage interest and real estate taxes paid totaling $51,201;[3] (2) petitioner's Schedule A State and local

---

[3]As mentioned <u>supra</u> note 2, respondent conceded that petitioner is entitled to Schedule A deductions totaling $51,201, which is greater than the $37,984 claimed on petitioner's 2007 tax return.  The examining agent used this greater amount in
(continued...)

tax deduction of $186; (3) petitioner's Schedule C expenses for business supplies and what petitioner listed as "other expenses" totaling $9,550;[4] and (4) an estimate of petitioner's personal living expenses for 2007 of $40,599.  From the $101,536, the examining agent subtracted $28,500, the amount petitioner reported as Schedule C gross receipts.  Thus, the examining agent determined petitioner had an excess application of funds, i.e., unreported income for 2007, totaling $73,036 ($101,536 - $28,500).

In estimating petitioner's personal living expenses (e.g., food, housing, transportation, etc.) the examining agent used the Bureau of Labor Statistics (BLS) Consumer Expenditure Survey (the survey) for the south region, which is the region for Maryland. The estimate for personal living expenses includes mortgage interest expense, property taxes, and State and local taxes. Because the examining agent used petitioner's actual expenses with respect to the mortgage interest, property taxes, and State and local taxes, he subtracted the survey's estimates for these items from his calculation.

_____

[3](...continued)
reconstructing petitioner's 2007 income.

[4]The examining agent did not include petitioner's claimed Schedule C car and truck expenses of $14,065 in his reconstruction of petitioner's income because there was a possibility that depreciation (a noncash item) was included in those expenses.

Although the examining agent used the business expenses set forth on Schedule C in reconstructing petitioner's income, he determined that deductions for these expenses should be disallowed for lack of substantiation. The examining agent also determined that for 2007 petitioner was liable for an addition to tax pursuant to section 6651(a)(1) for failure to file a timely return and an accuracy-related penalty pursuant to section 6662(a).

## Discussion

### I. Disallowed Deductions

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to all deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Moreover, taxpayers must substantiate the amount and purpose of the item deducted. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liability. See sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs. Under certain circumstances, if a taxpayer establishes entitlement to a deduction but not the amount of the deduction, the Court may estimate the amount allowable, Cohan v.

<u>Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930), if the taxpayer provides some rational basis on which an estimate may be made, <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).

A.  <u>Business Supplies</u>

Petitioner deducted Schedule C business supply expenses of $6,800 on his 2007 income tax return.  At trial petitioner admitted he did not provide the examining agent with any documentation that would substantiate any of the claimed expenses.  Nor did petitioner submit any substantiating documents at trial.

Petitioner asserts that he was "frantically busy learning how to establish and carry on a CPA practice but had little time to document the expenses" and that his failure in this regard was an "honest belief that the petitioner was not doing anything wrong."  We do not find petitioner's assertion credible. Petitioner was a C.P.A. operating a tax preparation business.  He knew, or should have known, that a taxpayer is required to substantiate all claimed deductions.  Because petitioner failed to provide any documentary evidence to substantiate the claimed Schedule C business expenses, we have no reasonable basis on which to estimate the amount of expenses he incurred. Consequently, we sustain respondent's disallowance of a deduction for these expenses.

B. "Other Expenses"

Petitioner deducted "other expenses" of $2,750 on Schedule C. With respect to these expenses, petitioner stated: "Other expenses of $2,750 may have been my, I think that has to do with my enhanced educational [sic]." Petitioner was unable to recall the exact nature of the educational expenses but felt they probably were for classes taken in pursuit of a law degree.

Petitioner failed to substantiate these expenses. Again, we have no reasonable basis on which to estimate the amount of expenses petitioner incurred. Moreover, even had petitioner substantiated these expenses, educational expenses are not deductible if they are part of a course of study that will qualify the taxpayer in a new trade or business. Sec. 1.162-5(b)(3), Income Tax Regs. Consequently, we sustain respondent's disallowance of the deduction for these expenses.

C. Car and Truck Expenses

Cars and trucks are "listed property" pursuant to section 280F(d)(4). "[L]isted property" is subjected to the heightened substantiation requirements of section 274(d). Again, petitioner provided no substantiation with respect to these expenses. Indeed, petitioner was unclear as to whether he used his vehicle for both business and personal use. Consequently, we sustain respondent's disallowance of a deduction for these expenses.

II.  Unreported Income

In determining the tax deficiency for 2007, the examining agent reconstructed petitioner's income using the source and application of funds method.

Section 6001 requires all taxpayers to maintain sufficient records to determine their correct tax liabilities.  Where a taxpayer fails to keep the required books and records, or if the records the taxpayer maintains do not clearly reflect income, the Commissioner is authorized by section 446 to reconstruct the taxpayer's income in accordance with a method that clearly reflects the full amount of income received.  Petzoldt v. Commissioner, 92 T.C. 661, 686-687 (1989); Menequzzo v. Commissioner, supra at 831.  The income reconstruction method used need only be reasonable in light of all the surrounding facts and circumstances.  Petzoldt v. Commissioner, supra at 687.

The source and application of funds method is well accepted as an appropriate method of reconstructing a taxpayer's income. United States v. Johnson, 319 U.S. 503, 517 (1943).  This income reconstruction method is based upon the assumption that the amount by which a taxpayer's cash expenditures during the year exceed the taxpayer's known sources of income is income unless the taxpayer can show that the expenditures were made from a nontaxable source of funds.  A deficiency determined by the use of this income reconstruction method is presumptively correct,

and the burden of proof is upon the taxpayer to demonstrate otherwise. DeVenney v. Commissioner, 85 T.C. 927, 930-931 (1985). To meet his burden, the taxpayer must prove either that someone else made the expenditures or that the funds used were obtained from a nontaxable source such as a loan, an inheritance, or assets on hand at the beginning of the year. Id. at 931.

In Holland v. Commissioner, 348 U.S. 121, 135-136 (1954), the Supreme Court limited the Commissioner's use of the net worth method of reconstructing income by requiring the Commissioner to track down relevant leads furnished by the taxpayer which are reasonably susceptible of being checked and by requiring the Commissioner to show that increases in net worth are attributable to currently taxable income. This Court has held this limitation to be applicable in cases involving the source and application of funds method. DeVenney v. Commissioner, supra at 931. However, in Meier v. Commissioner, 91 T.C. 273, 296 (1988), we stated:

> Before the safeguards in Holland are triggered, * * * [the taxpayer] must either explain the source of or provide alternative nontaxable sources for the discrepancy in his expenditures and his reported income. This explanation commences respondent's investigative requirements under Holland. * * *

Petitioner testified that his wife helped pay the family expenses. Yet a review of her tax return shows that she did not have sufficient income to pay petitioner's expenses.[5] Moreover,

---

[5]Petitioner's wife's 2007 tax return shows total income of
(continued...)

even though petitioner's wife was present in the courtroom, she did not testify. Because she did not testify, we assume her testimony would not have corroborated her husband's testimony. See <u>Wichita Terminal Elevator Co. v. Commissioner</u>, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

Petitioner presented no other source of income or explanation. Instead he argued that he was able to get money by "hustling and bustling", and he testified: "If I stand here right now to tell you exactly how I came through with all of those monies, I would be, I am under oath, cautious of it * * * but certainly lots of people helped." On the record before us, we conclude that the examining agent's use of the source and application of funds method was reasonable.

Petitioner objects to the examining agent's use of the survey to estimate his personal living expenses, asserting his actual living expenses were less than the survey estimates and therefore use of the survey is inappropriate. Petitioner refused to provide the examining agent with documentation of his expenses, which is the very reason the examining agent was forced to rely on the survey to estimate petitioner's personal living expenses.

---

[5](...continued)
$32,918, tuition expenses of $4,000, State and local income tax of $1,504, and unreimbursed employee expenses of $21,466. Thus, petitioner's wife had but $5,948 of disposable income for 2007.

We have previously held that the Commissioner has "great latitude" in determining a taxpayer's tax liability, particularly where the taxpayer refuses to cooperate. See Giddio v. Commissioner, 54 T.C. 1530, 1533 (1970). With no other option available, use of the survey to estimate petitioner's personal living expenses provides a reasonable estimate of his income.

Petitioner next asserts:

> Respondent has not carried their [sic] burden of proving that petitioner actually received the $101,000 because respondent used a modified statistical method mixing average Amounts [sic] for actual amounts in his use of the indirect method Which [sic] has never been used in history of the Treasury regulations * * *.

Thus, petitioner objects to the examining agent's use of petitioner's actual expenses where available (i.e., his mortgage interest expense, his real estate tax expense, and his State and local tax expense) as opposed to estimates used in the survey.

We find petitioner's assertion unpersuasive. The IRM states that BLS data (i.e., the survey) may be used to reconstruct income and that this statistical data may be used in conjunction with other available information, including information from a taxpayer's tax return. IRM pt. 4.10.4.6.1.3.1(1) (Sept. 11, 2007). The IRM provides that statistical data should be used as the sole source of information only when all three of the following conditions are met: (a) The taxpayer produces income other than as an employee; (b) the taxpayer is a nonfiler; and (c) the taxpayer is uncooperative. Id. Condition (b) is not

herein present.  Thus, the examining agent was obliged by the IRM to use petitioner's known actual expenses in reconstructing his income.  We find respondent's use of both the personal living expense estimates (as set forth in the survey) and petitioner's actual expenses reasonable under the circumstances.

However, the examining agent erred to an extent in calculating petitioner's cash expenditures (i.e., the application of funds).  The examining agent disallowed the amounts petitioner claimed on Schedule C for business supplies and "other expenses", $6,800 and $2,750, respectively, a total of $9,550,[6] because petitioner failed to substantiate these expenses.  But the examining agent used these disallowed unsubstantiated amounts in determining petitioner's cash expenditures.  We believe it was not reasonable for the examining agent to disallow expenses for lack of substantiation on the one hand and then, on the other hand, claim that those unsubstantiated amounts reflect petitioner's expenditures.  See Cheesman v. Commissioner, T.C. Memo. 1994-509.[7]  Consequently, we hold that the examining agent may not use petitioner's disallowed Schedule C expenses to

_____

[6]As noted supra note 4, the examining agent did not include petitioner's claimed car and truck expenses in his reconstruction of petitioner's income.

[7]In Cherry v. Commissioner, T.C. Memo. 1998-360, the Commissioner conceded at trial that a proper reconstruction of the taxpayer's income using the source and application of funds method would not include any deductions claimed by the taxpayer but disallowed by the Commissioner.

reconstruct his income.  Because of this error, respondent must recalculate petitioner's 2007 unreported income.  This can be done in the Rule 155 computation.

III.  Addition to Tax Under Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to timely file an income tax return unless the failure to file is due to reasonable cause and not willful neglect.  This addition to tax consists of adding to the amount required to be shown as tax on the return 5 percent of the amount of such tax for each complete or partial month in which the failure to file continues, up to a maximum of 25 percent in the aggregate.  Id.  Respondent has the burden of production pursuant to section 7491(c).  To satisfy that burden, respondent must produce sufficient evidence demonstrating that it is appropriate to impose the addition to tax.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once respondent has met his burden of production, petitioner must come forward with evidence sufficient to persuade the Court that respondent's determination is incorrect.  Id. at 447.

Respondent has satisfied his burden of production.  The record clearly reflects that petitioner did not timely file his 2007 income tax return.  And petitioner has not demonstrated that

his failure to timely file his 2007 income tax return was due to reasonable cause[8] and not due to willful neglect.

Petitioner asserts that he filed late because respondent was auditing his 2004, 2005, and 2006 tax returns and "in my view, if these people were going hunting or fishing towards me, or whatever is motivating them, I'll wait until there is a resolution on those audits before I file my tax return for 2007." Petitioner's assertion that he delayed filing until the examining agent completed auditing his 2004, 2005, and 2006 tax returns, even if relevant, does not constitute reasonable cause. See Glowinski v. Commissioner, 25 T.C. 934, 936 (1956), affd. 243 F.2d 635 (D.C. Cir. 1957). Petitioner is therefore liable for the section 6651(a)(1) addition to tax. However, respondent must recompute the amount of the addition to tax to reflect the recalculation of petitioner's 2007 unreported income. This can be done in the Rule 155 computation.

IV. Section 6662(a) Accuracy-Related Penalty

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment of tax attributable to, inter alia, negligence or disregard of rules or regulations, as provided in section 6662(b)(1); or a substantial understatement of income tax, as

_____

[8]Reasonable cause requires a taxpayer to demonstrate that he exercised ordinary business care and prudence but nonetheless was unable to file a return within the prescribed time. United States v. Boyle, 469 U.S. 241, 245-246 (1985); Bruner v. Commissioner, T.C. Memo. 1998-246.

provided in section 6662(b)(2). Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. The term "disregard" includes any careless, reckless or intentional disregard. Sec 6662(c).

The section 6662(a) accuracy-related penalty does not apply where the taxpayer shows that there was reasonable cause for the underpayment and that he acted in good faith. Sec. 6664(c)(1). Such a showing depends on the facts and circumstances of each case and includes the knowledge and experience of the taxpayer and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent has the burden of production pursuant to section 7491(c). To satisfy that burden, respondent must produce sufficient evidence showing that it is appropriate to impose the penalty. See Higbee v. Commissioner, supra at 446. On the record before us, respondent has satisfied his burden by producing evidence that petitioner failed to keep books and records and failed to substantiate his claimed deductions.

Petitioner has not demonstrated that there was reasonable cause for the underpayment and that he acted in good faith. Petitioner is a C.P.A. and holds a master's degree in accounting

and taxation.  Yet when asked by the examining agent to provide documentation to substantiate his claimed business expenses, he failed to do so.  Petitioner asserted that this was not negligence; rather, "it's more or less when you're starting out doing something, like a medical doctor doing operations or maybe a lawyer representing somebody in the courtroom, you have a lot to learn.  You do make mistakes here and there."  We find petitioner's cavalier attitude unacceptable.  This is not what a reasonable person would do, particularly a C.P.A.

We hold petitioner liable for the section 6662(a) accuracy-related penalty.  However, respondent must recompute the penalty according to our holding that there must be a recalculation of petitioner's 2007 unreported income.  Again, this can be done in the Rule 155 computation.

We have considered all of petitioner's contentions that are not discussed herein, and we conclude they are without merit, irrelevant, and/or moot.

To reflect the foregoing and respondent's concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.