110 T.C. No. 3


UNITED STATES TAX COURT


JAMES G. & KATHERINE BOUREKIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5894-97.                    Filed January 13, 1998.


        R determined a deficiency for the taxable year
1981.  The notice of deficiency did not include any
additions to tax or penalties; however, the notice did
include a statement that interest would accrue on the
deficiency.  In a timely petition, Ps attempt to place
in dispute penalties and interest.  Ps did not make a
written request with the IRS to abate interest;
however, they assert that they made an informal request
and that the notice of deficiency should be considered
a "final determination" not to abate interest under
sec. 6404(g).  R filed a motion to dismiss for lack of
jurisdiction and to strike with respect to penalties
and interest.

        <u>Held</u>:  We lack jurisdiction to consider additions
to tax or penalties which were not determined in the
notice of deficiency.

Held further: We lack jurisdiction under sec. 6404(g) since, under these circumstances, the notice of deficiency issued to Ps does not constitute a notice of the Secretary's final determination not to abate interest.

Robert E. Kovacevich, for petitioners.

Michelle K. Loesch and Pamela Wilson Fuller, for respondent.

OPINION

COHEN, Chief Judge: This case was assigned to Chief Special Trial Judge Peter J. Panuthos, pursuant to the provisions of section 7443A(b)(4).[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike With Respect to Penalties and Interest. As explained in greater detail below, we shall grant respondent's motion.

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code as amended. Rule references are to the Tax Court Rules of Practice and Procedure.

Background

James G. and Katherine Bourekis (petitioners) claimed a loss on their 1981 Federal income tax return related to their investment in PCS Ltd. Partnership (PCS or the partnership). Following an examination of the partnership, respondent proposed to disallow a substantial portion of petitioners' claimed loss. As a consequence of these developments, petitioners (1) agreed to extend the period of limitations for their 1981 tax year and (2) agreed to be bound by the Court's redetermination of the PCS loss issue in Kantor v. Commissioner, T.C. Memo. 1990-380, affd. in part and revd. in part 998 F.2d 1514 (9th Cir. 1993).

In June 1996, petitioners received a letter from Revenue Agent Janet Kenley, along with a copy of the opinion issued by the Court of Appeals for the Ninth Circuit in Kantor, a Form 4549 (an examination report), and a Form 870 (a closing agreement). In the letter, Revenue Agent Kenley advised petitioners that a final decision had been entered in the Kantor case sustaining respondent's determination disallowing the PCS loss. The Form 4549, which contained a computation of petitioners' 1981 tax liability including the disallowance of petitioners' distributive share of the PCS loss, indicated that petitioners are liable for a deficiency in tax in the amount of $4,472, as well as statutory interest on the deficiency computed through June 30, 1996, in the amount of $15,174. Revenue Agent Kenley's letter, which also

stated that no penalties were being asserted, requested that petitioners execute the Form 870 and pay the resulting tax and interest due for 1981. It appears that petitioners declined to execute the Form 870.

On October 7, 1996, petitioners submitted a check to respondent in the amount of $4,472 to be treated as an advance payment of any tax deficiency thereafter found to be due for 1981. Petitioners intended to terminate the running of statutory interest on any deficiency for 1981.

On October 24, 1996, respondent issued a notice of deficiency to petitioners determining a deficiency in their Federal income tax for 1981 in the amount of $4,472. The notice of deficiency included a statement that interest will accrue on the deficiency from the due date of the return until the date the deficiency is paid. The notice of deficiency did not include a determination that petitioners were liable for any additions to tax or penalties.

Petitioners invoked the Court's jurisdiction by filing a timely petition for redetermination. At the time the petition was filed, petitioners resided in Spokane, Washington.

Paragraph 3 of the petition states that petitioners are contesting the deficiency in the amount of $4,472, as well as "penalties" under sections 6601 and 6653(a)(1) and (2) and interest. Paragraph 4.2 includes an allegation that "The

Commissioner erred in asserting that the Petitioners were liable for any interest accruing since date of filing of return as the interest abatement principles of 26 USC 6404(e) apply."  In connection with the foregoing, paragraph 5.6 of the petition includes allegations that there was an unreasonable delay between the filing of petitioners' 1981 tax return and the issuance of the notice of deficiency.  The petition also includes an allegation that the notice of deficiency was issued beyond the applicable period of limitations.

After filing an answer to the petition, respondent filed a Motion to Dismiss for Lack of Jurisdiction and to Strike With Respect to Penalties and Interest.  Respondent contends that the Court lacks jurisdiction to consider petitioners' liability for any additions to tax or penalties in this case because respondent did not determine that petitioners are liable for any such items. Respondent further contends that the Court lacks jurisdiction to consider petitioners' liability for statutory interest because respondent did not issue a final determination not to abate interest.

Petitioners filed an objection to respondent's motion to dismiss.  Petitioners do not dispute respondent's assertion that respondent did not determine additions to tax or penalties in this case.  On the other hand, petitioners maintain that the Court has jurisdiction to consider the question of whether

interest should be abated for 1981. Petitioners assert that they requested that respondent abate interest during settlement conferences with respondent and that the Court should treat the notice of deficiency as respondent's "final determination" not to abate interest.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in support of the pending motion. Further, respondent stated that, at the time of the hearing, petitioners were not precluded from filing a request for abatement of interest. Although petitioners did not appear at the hearing, they did file a written statement with the Court pursuant to Rule 50(c). Petitioners' Rule 50(c) statement includes allegations that the Court should treat the notice of deficiency in this case as respondent's final determination to deny petitioners' request to abate interest in light of respondent's final determination denying a request for abatement of interest filed by T. John Tsalaky, petitioner James Bourekis' brother-in-law and partner in PCS. (T. John and Magdaline B. Tsalaky filed a petition for review of respondent's denial of their request to abate interest. That matter is currently pending before the Court at docket No. 7012-97.) Petitioners contend that, under the circumstances, it would be "futile,

costly, and administratively inconvenient" for them to file a request for abatement of interest.

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Respondent's motion to dismiss and to strike concerns the Court's jurisdiction over additions to tax and penalties on the one hand and statutory interest on the other. For clarity, we address the two matters separately.

1. Jurisdiction--Additions to Tax and Penalties

The Court's jurisdiction to redetermine a deficiency in tax depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a) and (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Further, the Court's jurisdiction generally is limited to a redetermination of the deficiency determined in the notice of deficiency or an increased deficiency, additional amounts, or additions to tax asserted by the Commissioner at or before a hearing or rehearing. See secs. 6213(a), 6214(a).

Petitioners filed a timely petition contesting respondent's deficiency determination, as well as additions to tax and penalties for 1981. However, there is no dispute in this case

that respondent did not determine, and does not assert, that petitioners are liable for additions to tax or penalties for 1981. Consequently, we shall grant respondent's motion to dismiss for lack of jurisdiction and to strike insofar as respondent moves to dismiss and strike allegations in the petition contesting additions to tax and penalties.

2. Jurisdiction--Statutory Interest

Respondent also moves to dismiss for lack of jurisdiction and to strike allegations in the petition contesting statutory interest. The Court's jurisdiction to redetermine a tax deficiency generally does not extend to statutory interest imposed under section 6601. See 508 Clinton St. Corp. v. Commissioner, 89 T.C. 352, 354-355 (1987); LTV Corp. v. Commissioner, 64 T.C. 589, 597 (1975); see also Asciutto v. Commissioner, T.C. Memo. 1992-564, affd. 26 F.3d 108 (9th Cir. 1994). Outside of the Court's normal deficiency jurisdiction, however, section 6404(g) authorizes the Court to review the Commissioner's denial of a taxpayer's request to abate an assessment of statutory interest. See White v. Commissioner, 109 T.C. 96 (1997); Banat v. Commissioner, 109 T.C. 92 (1997). Petitioners rely upon section 6404(g) as the basis for the Court's jurisdiction in this case.

Before proceeding with our analysis, we briefly review the Commissioner's authority to abate assessments of interest as set

forth in section 6404(d) and (e).  Section 6404(d) authorizes the Commissioner to abate an assessment of interest where the underlying underpayment is attributable in whole or in part to a mathematical error if the return was prepared by an officer or employee of the Internal Revenue Service acting in his official capacity to provide assistance to taxpayers in the preparation of income tax returns.  Further, section 6404(e) authorizes the Commissioner to abate an assessment of interest that is computed based upon any deficiency or payment of tax that is attributable in whole or in part to any unreasonable error or delay by an officer or employee of the Internal Revenue Service in performing a ministerial or managerial act.

Section 6404(g), recently codified under section 302(a) of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1452, 1457 (1996), provides in pertinent part as follows:

> (g) Review of Denial of Request for Abatement of Interest.--
>
> > (1) In General.--The Tax Court shall have jurisdiction over any action brought by a taxpayer who meets the requirements referred to in section 7430(c)(4)(A)(ii) to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion, and may order an abatement, if such action is brought within 180 days after the date of the mailing of the Secretary's final determination not to abate such interest.

Petitioners oppose the portion of respondent's motion seeking to dismiss and to strike the allegations in the petition

contesting statutory interest, on the ground that the Court should treat the notice of deficiency as respondent's notice of final determination not to abate interest under section 6404(g). We disagree.

A notice of deficiency under section 6213(a) and a notice of final determination not to abate interest under section 6404(g) share similarities in function and purpose. Specifically, like a notice of deficiency, a notice of final determination not to abate interest is a prerequisite to the Court's jurisdiction and serves as a taxpayer's "ticket" to the Tax Court. In addition, the mailing of both notices starts the running of separate statutorily defined periods for filing a petition for review with the Court.

It is well established that the Court lacks jurisdiction over a petition that is filed with respect to a letter from the Commissioner to the taxpayer that was not intended to constitute a notice of deficiency. See Abrams v. Commissioner, 84 T.C. 1308, 1310 (1985), affd. 814 F.2d 1356 (9th Cir. 1987); Lerer v. Commissioner, 52 T.C. 358, 362-366 (1969); Schoenfeld v. Commissioner, T.C. Memo. 1993-303 n.2. In applying this principle in the present case, it is evident that respondent did not intend for the notice of deficiency to serve as a final determination not to abate interest under section 6404(g). Petitioners admit that they did not file a formal request for

abatement of interest with respondent. See Rev. Proc. 87-42, 1987-2 C.B. 589 (requests for abatement of an assessment of interest should be made on Form 843 (Claim for Refund and Request for Abatement)). In this regard, neither Revenue Agent Kenley's June 1996 letter, the examination report that accompanied that letter, nor the notice of deficiency that petitioners received in this case indicates that respondent has given any consideration to whether it would be appropriate to abate an assessment of interest in this case. Under the circumstances, we decline to treat the notice of deficiency as a notice of final determination not to abate interest under section 6404(g).

Petitioners' argument that the notice of final determination not to abate interest that respondent issued to T. John and Magdaline B. Tsalaky provides a basis for the Court to exercise jurisdiction in this case is likewise misplaced. At best, petitioners' argument is a request that we assume jurisdiction under section 6404(g) based upon equitable considerations. However, as a court of limited jurisdiction, we may not apply equitable principles to assume jurisdiction over a matter not authorized by statute. See Odend'hal v. Commissioner, 95 T.C. 617, 624 (1990), and cases cited therein. Absent a notice of final determination not to abate interest on the deficiency in their own tax, petitioners' attempt to invoke the Court's jurisdiction under section 6404(g) must fail, and we so hold.

Accordingly, we shall grant respondent's motion to dismiss for lack of jurisdiction and to strike insofar as the motion concerns allegations in the petition respecting statutory interest.

To reflect the foregoing,

<u>An order will be issued granting respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike With Respect to Penalties and Interest</u>.