T.C. Memo. 2007-374

UNITED STATES TAX COURT

MARC AND SHERRI WARD, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14688-06.                    Filed December 26, 2007.

Eugene A. Steger, Jr., for petitioners.

Harry J. Negro, for respondent.

MEMORANDUM OPINION

GALE, Judge:  This matter is before the Court on
respondent's motion to dismiss for lack of jurisdiction.[1]  In his
motion, respondent contends that no notice was issued to
petitioners upon which to form the basis for a petition to this

---

[1] In addition, petitioners submitted a document to the Court
that was filed as a motion to restrain assessment or collection.
See discussion infra note 6.

Court.   Petitioners filed a response, and the Court conducted a hearing on the matter.

Background

At the time their petition was filed, petitioners resided in Pennsylvania.

Petitioners did not timely file returns for their 1994 or 1995 taxable year.   On June 29, 1999, subsequent to an examination by respondent, petitioners signed a Form 870-AD, Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment, agreeing to the assessment and collection of deficiencies and section 6651(a)(1) additions to tax for 1994 and 1995 "with interest as provided by law".[2]   Respondent accepted petitioners' offer by countersigning it on August 10, 1999.

Petitioners received a notice of intent to levy concerning their tax liabilities for 1994 and 1995 on or about July 27, 2001.   Petitioners did not request a hearing after receiving this notice.

On or about June 14, 2002, petitioners mailed a letter, prepared by their attorney and signed by them,[3] to respondent.

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3] The letter, dated June 12, 2002, was signed by petitioners' attorney and petitioners.  However, the handwritten
(continued...)

The letter contained the heading "Interest & Penalty Abatement Request".  The letter was accompanied by a $22,000 check and requested that respondent "apply the amount to tax principal only" and accept the amount as "payment in full" of petitioners' outstanding "tax principal" for taxable years 1994 and 1995.  The letter further requested that all interest and penalties for 1994 and 1995 be abated due to "financial hardships".  The letter alleged that petitioners had been unaware, when they signed the consent to the assessment of their tax liabilities arising from the examination of their 1994 and 1995 taxable years, that the amounts consented to included penalties and would continue to accrue interest until paid.  The letter concluded:  "We are requesting abatement of the penalty and interest and the Service accept the $22,000.00 as payment.  Please advise us of your decision."

Subsequent to sending the foregoing letter, petitioners received a notice from respondent's Automated Collection System dated December 23, 2004, that listed assessed balances, accrued interest, and late payment penalties still owed with respect to petitioners' 1994 and 1995 taxable years.

---

[3](...continued)
dates entered next to petitioners' signatures were both June 14, 2002.

On March 31, 2005, approximately 33 months after petitioners' letter was received by respondent,[4] respondent sent a Letter 853C to petitioners. The letter was issued with respect to petitioners' section 6651(a)(1) addition for 1995 and stated that respondent could not grant petitioners' request to remove the penalty because the information they provided did not establish reasonable cause. The letter made no reference to petitioners' request for an abatement of either the section 6651(a)(1) addition for 1994 or interest for either year.

On July 31, 2006, the Court received and filed a petition submitted by petitioners and their counsel which they designated as a petition for redetermination of a deficiency. On the petition, petitioners elected "small tax case" procedures. On the basis of the foregoing, this case was docketed initially as a small tax case and designated as a petition for redetermination of a deficiency.[5]

---

[4] Respondent stipulated that he received the June 14, 2002 letter.

[5] Upon further review of the petition, which is described in its body as a "petition to remove penalties and interest" determined by respondent for 1994 and 1995, and petitioners' arguments at the hearing, it is apparent that the relief sought by petitioners is an abatement of interest (and penalties). As actions for review of the Commissioner's failure to abate interest may not be conducted under the Court's small tax case procedures, see sec. 7463, the small tax case designation has been stricken by order of the Court. As this case is being dismissed for lack of jurisdiction, the principal impact of this change is to restore the parties' right to appeal.

Respondent thereafter filed a motion to dismiss for lack of jurisdiction, to which petitioners filed an objection. Petitioners subsequently submitted a document to the Court that was filed as a motion to restrain assessment or collection. Therein, petitioners contend that certain levies issued with respect to petitioner Marc Ward were wrongful in light of the pendency of this case.

### Discussion

Respondent maintains that we lack jurisdiction in this case because no notice of deficiency or notice of final determination not to abate interest with respect to taxable year 1994 or 1995 was issued to petitioners, nor was any other notice of determination sufficient to confer jurisdiction on this Court issued to them.

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). It is undisputed that no notice of deficiency was ever issued to petitioners for 1994 or 1995. It is also undisputed that petitioners failed to request a hearing pursuant to section 6330(b) after they received a notice of intent to levy with respect to their tax liabilities for 1994 and 1995, and that no notice of determination concerning a collection action was issued to them concerning the levy. Consequently, we have no

jurisdiction over this case pursuant to section 6213 or 6330(d)(1).[6]

Section 6404 authorizes the abatement of interest, penalties, or additions to tax in limited circumstances. Section 6404(e) authorizes the Commissioner to abate interest assessments for taxable years beginning after December 31, 1978, that are attributable to errors or delays by the Internal Revenue Service (Service). Section 6404(f) authorizes the Commissioner to abate penalties or additions to tax that are attributable to erroneous written advice by the Service. Section 301.6404-1(c), Proced. & Admin. Regs., provides that taxpayers shall make a request for abatement on Form 843, Claim for Refund and Request for Abatement.

Section 6404(h), originally enacted by the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 302, 110 Stat. 1457 (1996), and codified as section 6404(g), gives the Tax Court jurisdiction to review the Commissioner's denial of certain taxpayers'[7] requests

---

[6] In the absence of jurisdiction under sec. 6213 or 6330(d)(1), it follows that the Court has no authority to act on petitioners' motion to restrain assessment or collection, as petitioners have identified no other exception to sec. 7421(a)'s broad prohibition against suits to restrain assessment or collection. Accordingly, petitioners' motion to restrain assessment or collection will be denied.

[7] To be eligible, taxpayers must meet the requirements referred to in sec. 7430(c)(4)(A)(ii). Sec. 6404(h)(1).

for abatement of interest (but not penalties) if the taxpayer files a petition with the Court within 180 days after the date a final determination not to abate interest is mailed by the Secretary. Sec. 6404(h)(1); Banat v. Commissioner, 109 T.C. 92, 95 (1997). The Commissioner's final determination letter "is a prerequisite to the Court's jurisdiction and serves as a taxpayer's 'ticket' to the Tax Court." Bourekis v. Commissioner, 110 T.C. 20, 26 (1998); see Kraft v. Commissioner, T.C. Memo. 1997-476.

Respondent argues that the Letter 853C issued to petitioners denying their request for penalty relief with respect to taxable year 1995 is not a final determination not to abate interest. No final determination was issued, respondent argues, because petitioners never filed a proper request for interest abatement; i.e., a Form 843, and because the reasons articulated in petitioners' June 14, 2002 letter do not form a basis under which respondent is authorized by section 6404(e) to abate interest.

Petitioners contend that their letter of June 12, 2002, constituted a specific request that respondent abate both accrued interest and penalties for taxable years 1994 and 1995. Petitioners argue that respondent's failure to issue a final determination with respect to petitioner's request for interest abatement within a reasonable period of time after receipt of

that request is equivalent to a final determination not to abate interest for purposes of section 6404(h).[8]  In the alternative, petitioners argue that respondent's Letter 853C denying petitioners' request for removal of a section 6651(a)(1) addition for 1995 is sufficient to confer jurisdiction on this Court because the letter's silence concerning interest abatement constitutes a denial.

To resolve our jurisdiction, we must determine whether respondent has made a final determination not to abate interest within the meaning of section 6404(h).  We note at the outset that petitioners' June 2002 letter clearly and unequivocally requested an abatement of interest with respect to petitioners' 1994 and 1995 income tax liabilities, although the request was not made on a Form 843, as required in section 301.6404-1(c), Proced. & Admin. Regs.  We find it unnecessary to decide whether petitioners' letter was an adequate substitute for a Form 843, however, because even assuming it was, a decision in respondent's favor would still follow.

Petitioners' first argument is that we should treat respondent's failure to issue any response to their request for interest abatement as a "final determination" for section 6404(h)

_____

[8] Petitioners further note that respondent's issuance of demands for payments of interest subsequent to their request, including the Automated Collection System notice of Dec. 23, 2004, demonstrates that respondent made a determination not to abate interest.

purposes, especially given respondent's subsequent written demands for payment of the interest. That argument, however, has been considered and rejected by this Court. See Cho v. Commissioner, T.C. Memo. 1998-363. In Cho we held that the Court lacks authority to graft a time limit within which the Commissioner is obliged to respond to a request for interest abatement. Id. Thus, a failure to act on a request within a reasonable time does not constitute a final determination for section 6404(h) purposes. Id. Whether a remedy should be provided in the case of the Commissioner's failure to act on an interest abatement request is a decision for Congress rather than this Court, we reasoned. Id.

Petitioners alternatively argue that we should consider respondent's Letter 853C refusing to abate the 1995 late filing penalty as a notice of final determination for section 6404(h) purposes. However, a letter must be intended as a notice of final determination not to abate interest under section 6404 to be treated as such for jurisdictional purposes. See Bourekis v. Commissioner, supra at 26. As in Bourekis, the letter upon which petitioners rely contains no indication that respondent intended it as a notice of final determination or that respondent "[had] given any consideration to whether it would be appropriate to abate an assessment of interest" in petitioners' case. Id. Consistent with Bourekis, respondent's Letter 853C may not be

treated as a notice of final determination not to abate interest under section 6404(h).

Moreover, even if respondent's Letter 853C were treated as a notice of final determination, the prerequisites to our jurisdiction would not be satisfied, since petitioners did not file their petition with this Court within 180 days after the date of mailing of respondent's letter. See sec. 6404(h)(1); Rule 280(b)(2); Banat v. Commissioner, supra at 95. The petition was filed on July 20, 2006, nearly a year beyond the 180-day period after the Letter 853C that was dated March 31, 2005. See Gati v. Commissioner, 113 T.C. 132 (1999).

Accordingly, we shall grant respondent's motion to dismiss for lack of jurisdiction.[9]

To reflect the foregoing,

> An appropriate order of
> dismissal for lack of jurisdiction
> will be entered.

---

[9] As respondent has not, insofar as the record discloses, issued any notice of final determination not to abate interest with respect to petitioners' 1994 and 1995 taxable years, nothing precludes petitioners from filing a Form 843 to request abatement of interest for those years. We express no view, however, on whether petitioners have shown that they satisfy the requirements of sec. 6404.