T.C. Memo. 2008-121

UNITED STATES TAX COURT

ROBERT C. AND PAMELA K. LIEMS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22253-06.                    Filed April 29, 2008.

Robert C. and Pamela K. Liems, pro sese.

<u>Jeremy L. McPherson</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  On May 4, 2006, respondent issued a
notice of final determination partially disallowing petitioners'
claim for abatement of interest assessed with respect to their
1995 Federal income tax liability.  Petitioners timely filed a

petition under section 6404(h) contesting the determination.[1]
The issue for decision is whether respondent's partial denial of
petitioners' claim for abatement of interest was an abuse of
discretion.

## Background

Some of the facts have been stipulated and are so found.
The stipulation of facts and the attached exhibits are
incorporated herein by this reference.  Petitioners resided in
California when their petition was filed.

## Audit of Petitioners' 1995 and 1996 Returns

Petitioners timely filed their Forms 1040, U.S. Individual
Income Tax Return, for 1995 and 1996.  On April 11, 1998,
respondent sent petitioners a Letter 950 (30-day letter)
proposing adjustments to their 1995 and 1996 returns and stating
that petitioners had 30 days in which to request an Appeals
conference.  On August 7, 1998, respondent issued petitioners a
notice of deficiency determining deficiencies of $6,215 and
$4,447 for 1995 and 1996, respectively.  Petitioners received the
notice, but rather than petition this Court for redetermination
of the deficiencies, they wrote to respondent on August 26, 1998,
and again on February 24, 1999, stating simply that they

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue.  Rule
references are to the Tax Court Rules of Practice and Procedure.
Amounts are rounded to the nearest dollar.

"wish[ed] to mandate [their] right to appeal."  Respondent assessed the deficiencies on February 8, 1999.

Petitioners' Offers-in-Compromise

On January 7, 2003, petitioners submitted to respondent a Form 656, Offer in Compromise, on the ground of doubt as to liability.  Petitioners offered to pay zero in satisfaction of their outstanding 1995 and 1996 liabilities.  On April 17, 2003, respondent returned the offer-in-compromise to petitioners without processing it because they did not offer to make any payment.  On May 19, 2003, petitioners sent a second offer-in-compromise, offering to pay $100 in satisfaction of their 1995 and 1996 liabilities.

On June 9, 2003, respondent sent a letter to petitioners refusing to process the offer-in-compromise because they had not offered to make any payment.  Petitioners responded on June 12, 2003, stating that the amount offered was $100.  On September 3, 2003, respondent sent petitioners a letter which in substance said the same thing as the April 17 and June 9, 2003, letters.

On August 24, 2004, respondent sent an audit report to petitioners offering to abate portions of the 1995 and 1996 deficiencies.  On September 20, 2004, petitioners' accountant wrote to respondent requesting an Appeals conference to protest the audit report.  On February 15, 2005, respondent sent petitioners a letter advising them that their $100 offer-in-

compromise was denied.  On March 13, 2005, petitioners sent respondent a second letter requesting an Appeals conference. After the second request, petitioners were granted an Appeals conference.

On June 2, 2005, Appeals advised petitioners that interest abatement would not be considered as part of an offer-in-compromise, but that after an offer was accepted, petitioners could file an interest abatement claim.  On June 27, 2005, petitioners submitted a revised offer-in-compromise offering to pay $10,701 in satisfaction of their 1995 and 1996 liabilities and remitted that amount.  Respondent applied $6,048 of the payment to petitioners' 1995 liability and $4,653 to their 1996 liability.[2]  On January 30, 2006, Appeals notified petitioners that the offer was accepted.

Petitioners' Request for Interest Abatement

On January 9, 2006, petitioners submitted to respondent a Form 843, Claim for Refund and Request for Abatement, for 1995. Petitioners stated:

> IRS examined the 1995 income tax return.  The examination concluded about July of 1998.  Shortly thereafter a protest and request for a conference with an appeals office was sent to the IRS office where the examination took place.  Due to some mix up within IRS the protest was sent to another office and was then declared filed late.  Therefore the adjustments were

---

[2]$2,947 was applied to interest owed for 1995, and $2,060 was applied to interest owed for 1996.

assessed without getting a meeting with an appeals officer.  This is clearly due to an error within IRS.

    *        *        *        *        *        *        *

The fact is if we had received our due process by getting a conference with an appeals officer after the original examination in 1998 this whole matter would have been resolved well before the year 2000.

    *        *        *        *        *        *        *

Based on the above we respectfully request abatement of the interest accrued by IRS from January 1, 2000 until the balance was paid off.

On May 4, 2006, Appeals sent petitioners a final determination with respect to abatement of interest for 1995.[3]  Respondent abated interest from September 27, 2004, when respondent received petitioners' Appeals conference request to March 15, 2005, when Appeals granted petitioners an Appeals conference.  Appeals denied further interest abatement.

## Discussion

Section 6404(e), as in effect for 1995, authorizes the Commissioner to abate all or any part of an assessment of interest on (1) any deficiency attributable in whole or in part to any error or delay by an employee of the Internal Revenue

---

[3]Petitioners allege that they also requested abatement of interest with respect to their 1996 liability.  Respondent has no record of receiving the 1996 Form 843.  Accordingly, respondent did not issue a determination denying interest abatement for petitioners' 1996 year.  On Oct. 2, 2007, the Court granted respondent's motion to dismiss for lack of jurisdiction as to all years other than 1995.  See Bourekis v. Commissioner, 110 T.C. 20, 26 (1998).

Service, acting in his official capacity, in performing a ministerial act, and (2) any tax payment to the extent that any error or delay in the payment is attributable to the employee's error or dilatory conduct in performing a ministerial act.[4]  A ministerial act means a procedural or mechanical act that does not involve the exercise of judgment or discretion and occurs during the processing of a taxpayer's case after all the prerequisites to the act, such as conferences and review by supervisors, have taken place.  See Lee v. Commissioner, 113 T.C. 145, 149-150 (1999); sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).[5]  A decision concerning the proper application of Federal tax law is not a ministerial act.  See sec. 301.6404-2T(b)(1), Temporary Proced. &

---

[4]In 1996, sec. 6404(e) was amended by sec. 301 of the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, 110 Stat. 1457 (1996), to permit the Commissioner to abate interest attributable to "unreasonable" error or delay resulting from "managerial" and "ministerial" acts.  The new provision applies to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996.  The amended provision is not applicable here.  See Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

[5]The final regulations under sec. 6404 were issued on Dec. 18, 1998.  The final regulations generally apply to interest accruing with respect to deficiencies or payments of tax described in sec. 6212(a) for taxable years beginning after July 30, 1996.  See sec. 301.6404-2(d)(1), Proced. & Admin. Regs.  As a result, sec. 301.6404-2T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987), applies and is effective for interest accruing with respect to deficiencies for those taxable years beginning after Dec. 31, 1978, but before July 30, 1996. See id. par. (c).

Admin. Regs., <u>supra</u>. The mere passage of time does not establish error or delay in performing a ministerial act. <u>Lee v. Commissioner</u>, <u>supra</u> at 150.

Under section 6404(e), an error or delay is taken into account only if no significant aspect of the error or delay can be attributed to the taxpayer and only after the Commissioner has contacted the taxpayer in writing with respect to the deficiency or payment. See sec. 6404(e)(1); sec. 301.6404-2T(a)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987); see also <u>Krugman v. Commissioner</u>, 112 T.C. 230, 238 (1999).

The Commissioner's authority to abate an assessment of interest involves the exercise of discretion, and we must give due deference to the Commissioner's discretion. <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999); <u>Mailman v. Commissioner</u>, 91 T.C. 1079, 1082 (1988). In order to prevail a taxpayer must prove that the Commissioner abused his discretion by exercising it arbitrarily, capriciously, or without sound basis in fact or law. <u>Woodral v. Commissioner</u>, <u>supra</u> at 23; <u>Mailman v. Commissioner</u>, <u>supra</u> at 1084; see also sec. 6404(h)(1); Rule 142(a). In order to qualify for relief a taxpayer must demonstrate a direct link between the error or delay and a specific period during which interest accrued. <u>Guerrero v.</u>

<u>Commissioner</u>, T.C. Memo. 2006-201; <u>Braun v. Commissioner</u>, T.C. Memo. 2005-221.

As we evaluate respondent's exercise of discretion, we are mindful that Congress intended for the Commissioner to abate interest under section 6404(e) "where failure to abate interest would be widely perceived as grossly unfair", but that the abatement provision should not "be used routinely to avoid payment of interest".  H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208; see also <u>Krugman v. Commissioner</u>, <u>supra</u> at 238-239.

Petitioners object to the assessment of interest on their 1995 liability because they believe the matter should have been resolved before January 1, 2000.  Petitioners' complaint is that the deficiency was incorrect and that if they had been granted an Appeals conference after receiving the notice of deficiency in 1998, respondent's error would have been identified and the situation resolved.

Although petitioners submitted requests for an Appeals conference in 1998 and 1999, those requests were submitted well after the date provided in their 30-day letter.  Furthermore, to request an Appeals conference, petitioners were required to submit "A brief written statement of disputed issues."  See sec. 601.106(a)(1)(iii), Statement of Procedural Rules.  Petitioners

did not submit any statement of disputed issues.  They stated only that they wished to mandate their right to appeal.

Petitioners' Appeals requests were submitted after the issuance of the notice of deficiency.  "After the issuance * * * of a statutory notice of deficiency, upon the taxpayer's request, Appeals <u>may</u> take up the case for settlement and <u>may</u> grant the taxpayer a conference thereon."  Sec. 601.106(b), Statement of Procedural Rules (emphasis added).  The granting of an Appeals conference after the issuance of a notice of deficiency is within the Commissioner's discretion and is therefore not a ministerial act.

The proper procedure for disputing a notice of deficiency is the filing of a petition with this Court.  See sec. 6213(a). That this matter was not resolved earlier is due to petitioners' failure to petition this Court for redetermination of the deficiency.  Petitioners have not identified any alleged error or dilatory conduct that delayed the resolution of the matter other than the act that was the basis for the partial abatement of interest granted by Appeals.  A careful review of the record reveals that no additional error or dilatory conduct occurred upon which interest may be abated.

On June 9 and September 3, 2003, respondent's Appeals Office incorrectly refused to process petitioners' offer-in-compromise on the ground that petitioners did not offer to make any payment.

In fact, petitioners had offered to pay $100. Although the reason given for rejecting the offer-in-compromise was incorrect, the rejection of the offer was appropriate. The $100 offer was later rejected as insufficient and petitioners ultimately compromised their liability for $10,701, substantially more than their original offer.

The Court sympathizes with petitioners who may have received bad advice from their tax preparer on how to contest their deficiency. However, any error or delay in the resolution of petitioner's 1995 tax liability was not caused by the ministerial act of an Internal Revenue Service employee other than the act for which abatement was granted by Appeals. Accordingly, we hold that respondent did not abuse his discretion by partially denying petitioners' request for interest abatement.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.