T.C. Summary Opinion 2009-23


UNITED STATES TAX COURT


ANDREA FARINA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13411-07S.          Filed February 18, 2009.


Andrea Farina, pro se.

<u>Steven D. Tillem</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,800 in petitioner's Federal income tax for 2003.

Petitioner concedes that respondent's disallowance of $20,419 of miscellaneous deductions on Schedule A, Itemized Deductions, is correct to the extent of $17,033. Respondent concedes that petitioner is entitled to deduct tax preparation fees of $225 on Schedule A. The issues remaining for decision are whether: (1) Petitioner is entitled to deduct unreimbursed travel and meal expenses as miscellaneous expenses; (2) petitioner is allowed the standard deduction on Form 1040NR, U.S. Nonresident Alien Income Tax Return; (3) respondent is estopped to assert the deficiency due to oral representations by his agent; and (4) petitioner is entitled to an abatement of interest on the deficiency.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits received in evidence are incorporated herein by reference. At the time the petition was filed, petitioner was living in New York.

Petitioner is an Italian national working in the United States for the National Institutes of Health (NIH)[1] as a medical researcher under a "J-1 Visa".[2]

Petitioner filed a 2003 Form 1040NR, U.S. Nonresident Alien Income Tax Return, claiming $23,568 of itemized deductions including State income taxes of $4,148, U.S. charitable contributions of $190, and job and miscellaneous expenses of $19,230.  Petitioner also claimed a tax refund of $4,553 that respondent sent to petitioner on July 2, 2004.

Respondent subsequently requested additional information from petitioner with respect to several items on the return, including his status as an alien.  Petitioner replied to the request for information, but respondent issued the statutory notice of deficiency that is the subject of this case.  After the issuance of the notice of deficiency, petitioner wrote a letter to respondent expressing his disagreement with the notice of deficiency.  Respondent sent to petitioner in reply Letter 555 (DO), Reconsideration After Statutory Notice, stating that there was no justification for any change in the proposed adjustments

---

[1]NIH is an agency of the Federal Government within the Public Health Service, which is a unit of the U.S. Department of Health and Human Services.  See 42 U.S.C. secs. 201-203 (2006).

[2]A J-1 visa allows certain foreign nationals a temporary presence in the United States to conduct certain activities, among them studying, teaching, or assisting with research.  See 8 U.S.C. secs. 1101(a)(15)(J), 1182(j) (2006); Korvah v. Brown, 66 F.3d 809, 810 (6th Cir. 1995).

in the notice of deficiency.  Petitioner, after receiving the Letter 555 (DO), remitted to respondent $4,250 by a personal check bearing the notation "Form 1040NR 2003 Final Settlement Tax Liability".

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a).  Petitioner did not present evidence or argument that he satisfied the requirements of section 7491(a).  Therefore, the burden of proof does not shift to respondent.

Petitioner contends that he is entitled to deductions of $2,886 for unreimbursed business travel expenses and $275 for unreimbursed meal expenses, or, in the alternative, the standard deduction.  Petitioner argues that he is not liable for a deficiency because he relied on the erroneous oral advice of an agent of respondent.  Petitioner also seeks a waiver of all interest on the proposed deficiency.

Expenses for Meals and Travel

## Business or Personal Expenses

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Generally, no deduction is allowed for personal, living, or family expenses. See sec. 262. An employee's trade or business is earning his compensation, and generally only the expenses that are related to the continuation of his employment are deductible. Noland v. Commissioner, 269 F.2d 108, 111 (4th Cir. 1959), affg. T.C. Memo. 1958-60. The taxpayer must show that any claimed business expenses were incurred primarily for business rather than social reasons. See Rule 142(a); Walliser v. Commissioner, 72 T.C. 433, 437 (1979). To show that the expense was not personal, the taxpayer must demonstrate that the expense was incurred primarily to benefit his business on the continuation of his employment and there must have been a proximate relationship between the claimed expense and his business. See Walliser v. Commissioner, supra at 437.

## Section 274 Expenses

Certain business deductions described in section 274 are subject to strict rules of substantiation that supersede the doctrine in Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). See sec. 1.274-5T(a) through (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Section 274(d) provides that no

deduction shall be allowed with respect to: (a) Any traveling expense, including meals and lodging away from home; (b) any item related to an activity of a type considered to be entertainment, amusement, or recreation; or (c) the use of any "listed property", as defined in section 280F(d)(4), unless the taxpayer substantiates certain elements.

To meet the requirements of section 274(d), the taxpayer must present adequate records, or sufficient evidence to corroborate the taxpayer's own testimony, to establish: (1) The amount of the expenditure or use based on the appropriate measure (mileage may be used in the case of automobiles), (2) the time and place of the expenditure or use, (3) the business purpose of the expenditure or use, and (4) the business relationship to the taxpayer of each expenditure or use in the case of an entertainment expense.

In general, "adequate records" means an account book, diary, log, or similar record and documentary evidence which in combination are sufficient to establish each element of an expenditure. Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Corroborative evidence required to support records not made at or near the time of the expenditure must have a high degree of probative value. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Reimbursement by Employer

In addition to the above requirements, business expenses of the employer cannot be converted into the employee's business expenses by the mere failure of an employee to seek reimbursement.  Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), affd. without published opinion 456 F.2d 1335 (2d Cir. 1972); Stolk v. Commissioner, 40 T.C. 345, 356 (1963), affd. per curiam 326 F.2d 760 (2d Cir. 1964).  The employee has the burden of establishing that the employer would not reimburse the expense had the employee requested reimbursement.  Podems v. Commissioner, 24 T.C. 21, 22-23 (1955).

Petitioner's Evidence

Petitioner offered as evidence of his meals and travel expenses:  (a) An Air France receipt and boarding pass for a $2,063 round trip flight between Washington, D.C., and Rome, Italy, in April 2003; (b) an Air France receipt for an $823.40 round trip flight between Washington, D.C., and Rome, Italy, in December 2003; and (c) a handwritten letter dated August 8, 2007, purporting to be from a Dr. Giulia Piaggio (Dr. Piaggio), staff scientist, experimental oncology department, "Molecular Oncofluesis Laboratory", in Rome, Italy.  According to the letter from Dr. Piaggio, petitioner "visited my laboratory for work related issues" on dates at or near the time of the flights for which petitioner produced his receipts.

Petitioner testified that he had no documentation from NIH to show that either of his trips to Rome was taken as part of his employment. Petitioner admitted that "we were able to get plane tickets [from NIH] when going to meetings." When he was asked by the Court why he did not get his tickets from NIH, he replied: "I don't know."

The Court finds that petitioner has not shown that his meal and travel expenses were business and not personal expenses, that he has substantiated the expenses as required by section 274, or that his employer would not have reimbursed him for the expenses had he properly requested reimbursement.

The Standard Deduction

Petitioner argues alternatively that should he not be entitled to his claimed itemized deductions, he is entitled to the standard deduction allowed by section 63(b). Respondent counters by pointing out that section 63(c)(6)(B) provides that the standard deduction, in the case of nonresident individuals, is zero. To avoid the consequences of section 63(c)(6)(B), petitioner argues that its application to him would violate article 24 of the United States-Italy Income and Capital Tax Convention, April 17, 1984, T.I.A.S. 11064 (treaty).

The language on which he relies states that nationals of a contracting State shall not be subjected in the other State to more burdensome taxation and related requirements than those to

which nationals of the other State, under the same circumstances, are or may be subject. Petitioner's argument assumes that he is in the same circumstance as a U.S. citizen or resident, persons who are generally allowed the standard deduction.

Respondent, however, points out the disparate circumstances of taxation between nonresident aliens on the one hand and U.S. citizens and residents on the other. In general, U.S. citizens and residents are taxable on their income from both within and without the United States. Sec. 1; sec. 1.1-1(b), Income Tax Regs. Nonresident aliens, however, are generally taxable only on their U.S. source income, sec. 872(a), at either a flat rate of 30 percent or at graduated rates, depending on the type of income, see secs. 871(a) though (c), 1441(b).

Respondent also points out that the Committee on Foreign Relations report on the treaty states with regard to article 24 that "for the purposes of U.S. tax, a U.S. citizen who is not a resident of the United States and an Italian national who is not a resident of the United States are not in the same circumstances, because the U.S. citizen is subject to U.S. tax on his worldwide income." S. Exec. Rept. 99-6 (1985), 1992-1 C.B. 452, 469.

The Court agrees with respondent. The prohibition against the allowance of the standard deduction to nonresident aliens is not in violation of article 24 of the treaty.

The parties have stipulated that during the year 2003 petitioner was a "nonresident alien".  The stipulation is a legal conclusion rather than a fact.  While the parties are free to stipulate the facts of their case, they may not stipulate the legal conclusions to be reached from those facts by the Court. Saviano v. Commissioner, 765 F.2d 643, 645 (7th Cir. 1985), affg. 80 T.C. 955 (1983); Barnette v. Commissioner, T.C. Memo. 1992-595, affd. without published opinion sub nom. Commissioner v. Allied Mgmt. Corp., 41 F.3d 667 (11th Cir. 1994).

Article 4 of the treaty defines "resident" of a State, in the case of a person, as one who is liable to tax under the laws of that State because of his domicile or residence rather than the source of his income.  Section 7701(b)(1)(B) provides that a nonresident alien is a person who is not a citizen or resident of the United States within the meaning of section 7701(b)(1)(A). Under section 7701(b)(1)(A)(ii), a person who meets the "substantial presence test" is a resident of the United States.

Petitioner states on his tax return for 2003 that he was present in the United States for 329 days in 2003, 341 days in 2002, and 348 days in 2001.  Petitioner's presence as described in his tax return meets the definition of substantial presence, which would in turn cause him to be a resident alien for 2003. Sec. 7701(b)(1)(A)(ii), (3).  But an individual is not treated as

being present in the United States on any day on which he is an "exempt individual". Sec. 7701(b)(3)(D).

Section 7701(b)(5) describes exempt individuals to include teachers, trainees, or students. Petitioner, however, cannot be an exempt "teacher or trainee" for 2003 if he was an exempt teacher, trainee, or student for 2 of the 6 previous calendar years. See sec. 7701(b)(5)(E)(i). But petitioner had not reached the limitation on "students" in 2003. See sec. 7701(b)(5)(E)(ii). The term "student" includes any person temporarily present in the United States under a J-1 visa. Sec. 7701(b)(5)(D).

The Court concludes that petitioner was a nonresident alien not entitled to the standard deduction for 2003.

Erroneous Advice of Respondent's Agent

Petitioner alleges that his return preparer was misled by respondent's agent into thinking that the deductions on his 2003 Form 1040NR were proper. Petitioner's argument that he was misled by respondent's representative into taking improper deductions is essentially one of estoppel. Equitable estoppel is a judicial doctrine that "'precludes a party from denying his own acts or representations which induced another to act to his detriment.'" Hofstetter v. Commissioner, 98 T.C. 695, 700 (1992) (quoting Graff v. Commissioner, 74 T.C. 743, 761 (1980), affd. 673 F.2d 784 (5th Cir. 1982)). This Court has held that it will

apply the doctrine of equitable estoppel against the Government with the utmost caution and restraint.  <u>Kronish v. Commissioner</u>, 90 T.C. 684, 695 (1988) (citing <u>Boulez v. Commissioner</u>, 76 T.C. 209, 214-215 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987)); see <u>Cavanaugh v. Commissioner</u>, T.C. Memo. 1991-407, affd. without published opinion 986 F.2d 1426 (10th Cir. 1993).

"[T]hose who deal with the government are charged with knowledge of applicable statutes and regulations."  <u>Boulez v. Commissioner</u>, 810 F.2d at 218 n.68; see also <u>FCIC v. Merrill</u>, 332 U.S. 380, 384 (1947).  The doctrine of estoppel applies to statements of fact, not statements of law or opinion.  See <u>McCorkle v. Commissioner</u>, 124 T.C. 56, 68 (2005); <u>Miller v. Commissioner</u>, T.C. Memo. 2001-55.

Petitioner testified that the agent told his return preparer by telephone "What she should include on the 1040NR."  The deductibility of the items at issue requires legal determinations.  Even if an agent of respondent (petitioner presented no evidence on the issue other than his own vague testimony) made statements as to <u>what to include on the Form 1040NR</u>,[3] respondent is not bound by them.  "The government could

---

[3]Petitioner submitted an affidavit from his return preparer stating that an Internal Revenue Service "officer" gave her "specific instructions <u>to file Form 1040NR</u>."  [Emphasis added.] In the affidavit the return preparer also states that "Form 1040NR does not allow the Standard Deduction.  A non-resident taxpayer can only claim Itemized Deductions."

scarcely function if it were bound by its employees' unauthorized representations." Goldberg v. Weinberger, 546 F.2d 477, 480-481 (2d Cir. 1976); see also FCIC v. Merrill, supra at 384.

Respondent is not estopped to assert a deficiency against petitioner.

Abatement of Interest on the Deficiency

Petitioner contests in the petition "the high rate of interest" and states in his pretrial memorandum that an unjustified and unreasonably long examination process has contributed to the "escalation of the exhorbitant [sic] compound interest." The Court interprets petitioner's statements as a request for an abatement of interest.

Section 6404(e) authorizes the Commissioner to abate an assessment of interest that is computed on the basis of any deficiency or payment of tax that is attributable in whole or in part to any unreasonable error or delay by an officer or employee of the Internal Revenue Service in performing a ministerial or managerial act.

Section 6404(h) provides in pertinent part that the Tax Court shall have jurisdiction over any action brought by a taxpayer to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion. The Court may order an abatement if an action is brought within 180

days after the date of the mailing of the Secretary's <u>final</u> <u>determination </u>not to abate such interest.

Petitioner has not filed a formal request for abatement of interest with respondent.  See Rev. Proc. 87-42, sec. 4.01, 1987-2 C.B. 589, 589 (requests for abatement of assessment of interest should be made on Form 843, Claim for Refund and Request for Abatement). Absent a notice of final determination not to abate interest on the deficiency or payment from respondent, petitioner may not invoke the Court's jurisdiction under section 6404(h). See <u>Bourekis v. Commissioner</u>, 110 T.C. 20 (1998).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.