T.C. Memo. 2012-133

UNITED STATES TAX COURT

MICHAEL S. LEVY AND ELLEN C. LEVY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19334-10.                          Filed May 10, 2012.

Michael S. Levy and Ellen C. Levy, pro sese.

<u>Miles B. Fuller</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $105,576 in

petitioners' Federal income tax for 2007 and a penalty of $21,115 under section

6662(a).  In an amendment to the answer, respondent alleged that the notice of

deficiency erroneously omitted an amount for alternative minimum tax and that the

correct amounts for the deficiency and penalty are $118,806.30 and $23,761.26, respectively.

The deficiency resulted from omission of various items of income. Petitioners have stipulated receipt of all of the items included as income in the notice of deficiency but dispute the taxability of $7,817 received from Citibank and $500 received as a result of investments held in a brokerage account with Morgan Stanley & Co. Petitioners also dispute in the petition the penalty and anticipated interest on the amounts due for 2007. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in New Mexico at the time their petition was filed.

Michael S. Levy (petitioner) was formerly employed by Smith Barney and was experienced in and knowledgeable about finance and investments. Petitioners each maintained substantial investments and held accounts at Morgan Stanley. Petitioners recognized proceeds of $13,273, $160,474.85, and $637,985.24 in three separate accounts maintained at Morgan Stanley during 2007. Petitioners also

received partnership income and other items of taxable income in 2007. In addition, petitioner Ellen C. Levy received through her Morgan Stanley account a payment of $500 in relation to stock of a Brazilian airline.

During 2007, Citibank deposited $7,817, purportedly as a pension distribution, directly into petitioner's bank account. Petitioner challenged the amount of the payment as erroneous and accused Citibank of wrongdoing. Petitioner hired a lawyer and ultimately settled with Citibank a claim related to his retirement account with Smith Barney. Petitioner was not required to return the $7,817.

Petitioner prepared petitioners' Form 1040, U.S. Individual Income Tax Return, as a joint return for 2007. Although he attached Schedule D, Capital Gains and Losses, to the return, he did not include all of the reported gains in the calculation of taxable income and tax on the return. As a result, the tax reported, $12,879, was understated by more than $105,000, as determined in the notice of deficiency. Subsequently, respondent determined because of an amount for alternative minimum tax that $118,806.30 was the correct amount of petitioners' deficiency.

## OPINION

Petitioner Ellen C. Levy did not execute the stipulation of facts or appear for trial. Respondent moved that the petition be dismissed as to her for failure properly to prosecute but requested that the Court enter a decision against her in the amounts ultimately determined against petitioner. Because she has not complied with the Court's orders and Rules, she is held in default and will be bound to the result determined on the record made by petitioner. See Rules 123, 149(a).

Petitioner presented argument and testimony about correspondence between him and the Internal Revenue Service. None of that correspondence is relevant, and it will not be considered. See Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). Petitioner also attempted to raise an issue as to interest that will follow the assessment of amounts in dispute. We do not have jurisdiction in this case to review statutory interest that may be assessed after our decision is entered. See Bourekis v. Commissioner, 110 T.C. 20, 25-27 (1998) (and cases there cited).

Petitioner argues that the $500 received in relation to petitioner Ellen C. Levy's Brazilian airline stock was "in lieu of a dividend" and should, therefore, be regarded as nontaxable return of capital, not a dividend. He has not presented any evidence or authorities supporting that theory. We conclude that the $500 is included in taxable income. See sec. 61(a).

With respect to the $7,817 deposited into his checking account during 2007, petitioner contends that he assumed at the time the 2007 return was filed that "we were going to have to give that money back". Petitioner argues that the money should be treated as a "gift", but that characterization is untenable because the payment was not made out of detached and disinterested generosity. See Commissioner v. Duberstein, 363 U.S. 278, 285-286 (1960). Petitioner testified that he threatened to expose wrongful conduct and that Citibank did not ask that the amount be repaid. Petitioner used the allegedly erroneous payment to him as leverage in a dispute with Citibank over his Smith Barney retirement account. As an undeniable accession to wealth, the payment is taxable to petitioners even if extracted from a wrongdoer as punishment for unlawful conduct. See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955).

Petitioner did not explicitly address the section 6662(a) penalty at trial. He explained his failure to include approximately $490,000 in capital gains in the computation of taxable income and tax due on his Form 1040 as "it didn't make sense the way that the form is constructed". He did not follow the instructions on the form.

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax attributable to a taxpayer's negligence or

disregard of rules or regulations or substantial understatement of income tax. Section 6662(c) defines negligence as including any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and defines disregard as any careless, reckless, or intentional disregard. Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation. Sec. 1.6662-3(b)(2), Income Tax Regs. A substantial understatement of income tax exists if the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

Under section 7491(c) the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). However, once the Commissioner has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalties are inappropriate because of reasonable cause or substantial authority. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447. The accuracy-related penalty under section 6662(a) is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448.

Respondent has shown a substantial understatement of income tax on petitioners' return for 2007. Petitioner has not shown reasonable cause or good faith. The penalty will be sustained.

Petitioner has not contested the applicability of the alternative minimum tax computation set forth in the amended answer, and it appears correct as a matter of law. For reasons set forth herein,

<u>An appropriate order and decision will be entered for respondent in the amounts set forth in the amended answer</u>.