T.C. Memo. 2014-142

UNITED STATES TAX COURT

RUSSELL L. CARTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7485-13.                    Filed July 17, 2014.

Russell L. Carter, pro se.

<u>William Franklin Castor</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:  Respondent issued a notice of deficiency on January 25, 2013, determining a deficiency in petitioner's Federal income tax of $1,478 for 2009.[1]  Petitioner contests the payment of interest on the deficiency.

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

**[*2]**                                    FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Arkansas when the petition was filed.

In 2009 Congress allowed taxpayers deductions in excess of the standard deduction for the payment of certain taxes including an excise tax on the purchase of new vehicles.[2] For 2009 petitioner claimed a deduction of $1,092 relating to the new vehicle excise tax and computed his tax liability accordingly as $670.69. Petitioner timely filed a joint tax return for the 2009 tax year and submitted a payment in this amount.

While processing petitioner's return, respondent mistakenly entered $10,692 as the amount of the deduction claimed for new vehicle excise taxes and computed petitioner's tax liability using this number. As a result, respondent believed

---

[1](...continued)
Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The American Recovery and Reinvestment Act of 2009 (ARRA), Pub. L. No. 111-5, sec. 1008(a) and (b), 123 Stat. at 317-318, amended sec. 164(a) and (b) to include qualified motor vehicle taxes (a term defined in sec. 164(b)(6)) among the various taxes for which deductions are allowed. The provisions were effective for qualifying vehicles purchased on or after February 17, 2009, and before January 1, 2010. Sec. 164(b)(6)(G); ARRA sec. 1008(a) and (b).

[*3] petitioner did not owe any tax and in fact deserved a refund of $768.81. Respondent then sent two checks to petitioner--one for $693.48 to reflect petitioner's previous payment of $670.69 plus interest, the other for $773.20 to reflect the refund amount of $768.81 plus interest.

Respondent subsequently commenced an examination of petitioner's 2009 tax return. On June 22, 2012, respondent proposed a $1,739 deficiency for the 2009 taxable year because petitioner failed to substantiate the payment of a sales excise tax on his new motor vehicle purchase. Soon after, petitioner sent a $1,739 payment to respondent (the effect being to stop the accrual of interest on the proposed deficiency). Respondent received the payment on July 23, 2012, and designated it as an advance payment on a deficiency.

On September 29, 2012, petitioner sent a letter to respondent enclosing an Arkansas State application for title which reflected total new motor vehicle taxes paid of $832 in 2009. On November 30, 2012, respondent sent a letter to petitioner adjusting his proposed 2009 deficiency to $1,478 to reflect the allowance of an $832 deduction for new motor vehicle taxes paid. Because petitioner had already paid $1,739, respondent believed petitioner was owed a refund of $261.

**[*4]**  On December 8, 2012, petitioner sent a letter to respondent disagreeing with the deficiency proposed in the November 30, 2012, letter.  On January 25, 2013, respondent issued a notice of deficiency to petitioner, determining an income tax deficiency of $1,478 ($1,739 – $261 = $1,478) for the 2009 taxable year.

Petitioner filed a petition with the Court to challenge respondent's determination in the deficiency notice.  Petitioner conceded at trial that respondent's determination with respect to the partial disallowance of petitioner's new motor vehicle excise tax deduction was correct.  Petitioner also conceded at trial his claim for reimbursement of time spent in the case, as well as for pain, suffering, slander, and defamation of character.  The only issue remaining for decision is whether petitioner may dispute statutory interest on the resulting deficiency.  We hold that petitioner may not.

## OPINION

The Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  As a Court of limited jurisdiction, we may not apply equitable principles to assume jurisdiction over a matter not authorized by statute.  See Odend'hal v. Commissioner, 95 T.C. 617, 624 (1990).

**[\*5]** The Court's jurisdiction to redetermine a tax deficiency generally does not allow the Court to abate statutory interest. See Bourekis v. Commissioner, 110 T.C. 20, 24-25 (1998); Zaklama v. Commissioner, T.C. Memo. 2012-346, at \*77 n.30. Although section 6404(h) gives the Court jurisdiction to review the Commissioner's denial of requests to abate interest for abuse of discretion, that jurisdiction requires: (1) the Commissioner to mail a notice of final determination not to abate interest; and (2) the taxpayer to timely file a petition for review with the Court. See Rule 280. Finally, a notice of deficiency cannot be treated as a notice of final determination not to abate interest for purposes of section 6404(h) unless the Commissioner intends it as such. See Bourekis v. Commissioner, 110 T.C. at 26 (the Commissioner's "notice of final determination not to abate interest is a prerequisite to the Court's jurisdiction and serves as a taxpayer's 'ticket' to the Tax Court.").

Before proceeding with our analysis, we briefly review the Commissioner's authority to abate assessments of interest as a prerequisite to our jurisdiction as set forth in section 6404(e). Section 6404(e) authorizes the Commissioner to "abate the assessment of all or any part of such interest" that is computed based upon any deficiency or payment of tax that is attributable in whole or in part to any unreasonable error or delay by an officer or employee of the Internal Revenue

**[\*6]** Service in performing a ministerial or managerial act.  The remedy available under section 6404(e) is for the Commissioner to "abate the assessment" of interest.  (Emphasis added.)  Thus, as this Court has observed:  "Section 6404(e), by its very terms, does not operate until after there has been an assessment of interest".  See 508 Clinton St. Corp. v. Commissioner, 89 T.C. 352, 355 (1987).  As a result, jurisdiction under section 6404(h) for this Court to review the Commissioner's determination under section 6404(e) is lacking unless and until an assessment of interest has occurred and the Secretary has mailed a "final determination not to abate such interest."  Sec. 6404(h)(1); see Rule 280; Bourekis v. Commissioner, 110 T.C. at 26-27.

Neither respondent's November 2012 letter, the notice of deficiency, nor the examination report that accompanied the notice indicates that respondent has given any consideration to whether it would be appropriate to abate an assessment of interest in this case.  Furthermore, petitioner admits to not filing a formal request for abatement of interest with respondent.  See sec. 301.6404-1(c), Proced. & Admin. Regs. (requests for abatement of an assessment of interest should be made on Form 843, Claim for Refund and Request for Abatement).

Petitioner seeks a preassessment review by this Court, which Congress has not empowered the Court to undertake.  Rather, the Supreme Court has

**[\*7]** characterized section 6404(h) as "'a precisely drawn, detailed statute [that] preempts more general remedies.'" Hinck v. United States, 550 U.S. 501, 506 (2007) (quoting EC Term of Years Trust v. United States, 550 U.S. 429, 434 (2007)).  Absent a notice of final determination not to abate interest on the deficiency, petitioner's attempt to invoke the Court's jurisdiction under section 6404(h) must fail, and we so hold.

To reflect the foregoing,

An appropriate decision will be

entered.